■ In the Matter of the Claim of JUANITA THOMAS, Appellant, v CITY OF ALBANY SCHOOL DISTRICT et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [762 NYS2d 844] —Carpinello, J. Appeal from a decision of the Workers' Compensation Board, filed March 4, 2002, which ruled that claimant did not have a causally related disability and denied her claim for workers' compensation benefits.

Claimant injured her back in a work-related accident on November 6, 1998 lifting a bread pan from a refrigerator as a result of which she filed a claim for workers' compensation benefits. The employer and its workers' compensation carrier argued that any disability beyond November 18, 1998 was unrelated to an injury sustained at work. Following a hearing on the matter, the Workers' Compensation Law Judge (hereinafter WCLJ) found that claimant had no compensable lost time as a result of the accident and closed the case. Claimant appealed from this decision and the Workers' Compensation Board reopened the matter for further testimony. After a series of hearings, the WCLJ credited the opinions of claimant's physician and chiropractor and determined that claimant had been totally disabled since November 11, 1998. In reversing the WCLJ's determination, the Board relied on the testimony of the carrier's expert that claimant had no causally related disability. Claimant now appeals.

We affirm. The Board is empowered to resolve conflicts in the medical evidence (*see Matter of Harrington v Whitford Co.*, 302 AD2d 645, 647 [2003]; *Matter of Estate of Kramer v Ultra Blend Corp.*, 297 AD2d 890, 890 [2002], *lv denied* 99 NY2d 506 [2003]) and was entitled to credit the opinion of the carrier's expert over claimant's experts (*see Matter of Owoc v Syracuse Univ.*, 301 AD2d 765, 766 [2003], *lv denied* 100 NY2d 501

[2003]; *Matter of Maldonado v Exclusive Auto Body Supply*, 295 AD2d 868, 869 [2002]). We note that claimant's physician testified that on claimant's third visit, her low back pain was in a different location than had been previously reported, her complaints were inconsistent with his physical observations and his finding of total disability had been based on her subjective complaints. Although the Board's medical guidelines permit a finding of disability based solely on subjective complaints of pain, we note that "[w]hile the guidelines provide useful criteria, the ultimate determination of total disability rests with the Board" (*Matter of Floyd v Millard Fillmore Hosp.*, 299 AD2d 610, 612 [2002]). Accordingly, we find substantial evidence to support the Board's determination despite the existence of evidence in the record that would support a contrary result (*see Matter of Ceselka v Kingsborough Community Coll.*, 281 AD2d 842, 843 [2001]).

Crew III, J.P., Spain, Mugglin and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.