In the Matter of the Claim of JUAN DELGADO, Appellant, v ATLANTIC SLEEP PRODUCTS et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [785 NYS2d 790]—

Carpinello, J. Appeal from a decision of the Workers' Compensation Board, filed June 30, 2003, which denied claimant's application for reconsideration or full Board review.

Claimant was injured in 1971 while working as a welder and, as a result, filed a claim for workers' compensation benefits. In a decision dated May 23, 1973, claimant was awarded a small sum of compensation. The carrier appealed and, on December 12, 1973, the Workers' Compensation Board reversed on the ground that claimant did not sustain an accident arising out of and in the course of employment. Claimant appealed this decision, but the appeal was later abandoned. Many years later, claimant applied to reopen the case, but the Board denied this request on April 28, 1982, finding that it was barred by the provisions of Workers' Compensation Law § 123. In September 2002, claimant again requested reopening of the case, but the Board denied it by decision dated March 31, 2003 based on its prior decisions and the provisions of Workers' Compensation Law § 123. Claimant then sought reconsideration or full Board review of this decision, which was also denied. Claimant now appeals.

We affirm. "[W]e note that when reviewing the denial of a request for . . . reconsideration . . . or full Board review where, as here, there has been no dissent from the Board panel deci-

sion . . . our inquiry is limited to whether the Board abused its discretion or acted in an arbitrary and capricious manner" (*Matter of Dukes v Capitol Formation,* 213 AD2d 756, 757 [1995], *lvs dismissed* 86 NY2d 810, 87 NY2d 891 [1995]). Through requesting reconsideration or full Board review of the Board's March 31, 2003 decision, claimant is essentially seeking review of the Board's prior decisions of December 12, 1973 and April 28, 1982 which, respectively, denied his claim and his request for reopening. However, inasmuch as he abandoned his appeal from the Board's December 12, 1973 decision and never appealed from the Board's April 28, 1982 decision, these decisions are not properly before this Court (*see e.g. Matter of Hercules v United Artists Communications,* 176 AD2d 998, 999 [1991]). Moreover, as found by the Board in its April 28, 1982 and March 31, 2003 decisions, the seven-year time period provided by Workers' Compensation Law § 123 for reopening the initial claim has long since passed. Consequently, we find that the denial of claimant's most recent request for reconsideration or full Board review was neither an abuse of discretion nor was it arbitrary and capricious. Accordingly, we decline to disturb the Board's decision.

Crew III, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.