■ In the Matter of the Claim of NYDIA GENTILE-CRUZ, Appellant, v TRI-STATE EMPLOYMENT SERVICES et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [803 NYS2d 281]—

Cardona, P.J. Appeal from an amended decision of the Workers' Compensation Board, filed March 7, 2005, which ruled that claimant had no further work-related disability subsequent to November 4, 2002 and discontinued her workers' compensation benefits.

In September 2002, claimant injured her left ankle and lower back when she stepped into a pothole located on the premises of the employer. The employer paid workers' compensation benefits to claimant until a medical consultant examined her in November 2002 and reported that there was no further work-related disability. Based on the deposition transcripts of several of claimant's treating physicians and the employer's medical experts, as well as claimant's medical records, a Workers' Compensation Law Judge determined that claimant did not suffer from a work-related disability subsequent to November 4, 2002 and that she was not entitled to further workers' compensation benefits. Upon review, the Workers' Compensation Board affirmed, prompting this appeal.

Where, as here, the record contains conflicting medical opinions, resolution of those opinions lies within the province of the Board and its determination will be upheld if supported by substantial evidence in the record (*see Matter of Cunningham v Wessanen USA, Inc.*, 20 AD3d 651, 652 [2005]; *Matter of Robinson v New Venture Gear*, 9 AD3d 571, 572-573 [2004]). The employer's medical experts testified that claimant's work-related injury had resolved as of November 2002 and that there is no causal relationship between that injury and her current disability. Although claimant's physicians testified that, in their opinion, it was likely that her current disability is causally related to the work injury she sustained in September 2002, all of the medical witnesses agreed that claimant's current complaints are purely subjective, there is no objective evidence of causal relationship between these complaints and the work-related injury and there are other possible causes for these complaints. As the Board's determination is supported by substantial evidence, we decline to disturb it, despite the existence of some evidence that would support the opposite conclusion (*see Matter of Cunningham v Wessanen USA, Inc.*, supra at 652; *Matter of Thomas v City of Albany School Dist.*, 307 AD2d 664, 665 [2003]).

Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the amended decision is affirmed, without costs.