■ In the Matter of the Claim of Donna R. Gilman, Appellant, v Champlain Valley Physicians Hospital et al., Respondents. Workers' Compensation Board, Respondent. [804 NYS2d 123]—

Peters, J. Appeal from a decision of the Workers' Compensa-

tion Board, filed May 3, 2004, which ruled that claimant had no further work-related disability subsequent to August 5, 2003 and discontinued her workers' compensation benefits.

Claimant was awarded workers' compensation benefits for an injury to her neck and back sustained in February 2000 when, while working as a nurse, she repeatedly lifted and moved a heavy patient. In September 2003, claimant's benefits were suspended pending further development of the record regarding the causal relationship between her February 2000 work-related injury and her current disability. After a hearing, a Workers' Compensation Law Judge determined that several of claimant's current medical conditions were not causally related to the February 2000 work-related injury, but that she remains disabled and in need of medical treatment as a result of that injury, and benefits were, therefore, continued. Upon review, the Workers' Compensation Board found that claimant's February 2000 work-related injury had resolved, her medical conditions and disability subsequent to August 5, 2003 were not causally related to that injury and it modified the decision of the Workers' Compensation Law Judge accordingly. Claimant appeals.

So long as the Board's determination is supported by substantial evidence it will be upheld (see Matter of Cunningham v Wessanen USA, Inc., 20 AD3d 651, 652 [2005]; Matter of Thomas v City of Albany School Dist., 307 AD2d 664, 664 [2003]). Upon review of the entire record in this case, it is clear that there are conflicting medical opinions. The employer's medical expert testified that claimant's current medical complaints and disability are not causally related to the February 2000 work-related injury, while claimant's treating physician opined that there is a causal relationship. It is well settled that the resolution of such conflicting medical opinions lies within the province of the Board (see Matter of Cunningham v Wessanen USA, Inc., supra at 652; Matter of Thomas v City of Albany School Dist., supra at 664; Matter of Panagiotatos v Eastman Kodak Co., 222 AD2d 877, 878 [1995]). Here, the Board found the opinion of the employer's expert more credible than that of claimant's expert. There being substantial evidence supporting the Board's determination, we will not disturb it despite the existence of evidence which would support the opposite conclusion (see Matter of Thomas v City of Albany School Dist., supra at 664-665; Matter of Harrington v Whitford Co., 302 AD2d 645, 647-648 [2003]).

Crew III, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.