■ In the Matter of the Claim of NADINE R. PATTERSON, Appellant, v EMPIRE BLUE CROSS & BLUE SHIELD et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [804 NYS2d 146]—

Kane, J. Appeal from a decision of the Workers' Compensation Board, filed May 17, 2004, which, inter alia, ruled that claimant had no further work-related disability subsequent to May 12, 2003.

Claimant suffered physical and psychological injuries on September 11, 2001 while evacuating her place of employment, which was located in World Trade Center Tower One in Manhattan. In March 2003, the employer requested that claimant's benefits be discontinued because she no longer suffered from a work-related disability and a Workers' Compensation Law Judge (hereinafter WCLJ) subsequently directed that the depositions of all medical experts be completed by August 15, 2003. The testimony of claimant's treating physician and psychologist, as well as the employer's psychiatric expert, were all completed as scheduled. However, claimant's attorney failed to appear for the deposition of the employer's orthopedic expert on the scheduled date in August 2003. Counsel for the employer proceeded with the deposition and requested on the record that the WCLJ find that claimant had waived her right to cross-examine the orthopedic expert. Claimant requested an adjournment to complete the deposition in October 2003. However, the WCLJ subse-

quently issued a decision finding that claimant had waived her right to cross-examine the employer's orthopedic expert and that claimant had no further work-related disability subsequent to May 12, 2003. Upon review, the Workers' Compensation Board affirmed. Claimant now appeals.

Given the substantial evidence in the record supporting the Board's determination that claimant had no further work-related disability subsequent to May 12, 2003, we will not disturb that determination (*see Matter of Cunningham v Wessanen USA, Inc.*, 20 AD3d 651, 652 [2005]; *Matter of Thomas v City of Albany School Dist.*, 307 AD2d 664, 665 [2003]). The employer's psychiatric expert testified that claimant's work-related condition had resolved as of his examination of her in March 2003, that she was not suffering from any disabling psychiatric disorder and that she was able to return to work. Likewise, the employer's orthopedic expert concluded that as of his examination of claimant in March 2003, she has no physical disability and could return to work. Notably, both claimant's treating psychologist and her treating physician conceded that, as of May 2003, claimant could and should return to work, at least part time. To the extent that the opinions of claimant's medical experts conflicted with those of the employer's medical experts, it was within the province of the Board to resolve those conflicts (*see Matter of Cunningham v Wessanen USA, Inc.*, *supra* at 652; *Matter of Thomas v City of Albany School Dist.*, *supra* at 664).

We also conclude that the Board's decision, in which it noted certain facts and stated that it had reviewed the testimony and evidence contained in the record and agreed with the WCLJ's findings of fact, sufficiently complied with the provisions of Workers' Compensation Law § 23 (*see Matter of Floyd v Millard Fillmore Hosp.*, 299 AD2d 610, 611-612 [2002]; *Matter of Maliszewska v Dupuy*, 289 AD2d 683, 684 [2001], *lv denied* 97 NY2d 612 [2002]). Finally, in light of counsel's failure to provide any explanation or excuse for his nonappearance at the scheduled deposition of the employer's orthopedic expert in August 2003, we cannot conclude that the WCLJ's denial of claimant's request for an adjournment to cross-examine the expert was an abuse of discretion (*see Matter of Olistin v Wellington*, 3 AD3d 618, 619 [2004]; *Matter of Donlin v West Babylon Fire Dist.*, 1 AD3d 813, 814 n [2003]; *Matter of Metzger v Champion Intl. Corp.*, 301 AD2d 800, 802 [2003]).

Mercure, J.P., Spain, Carpinello and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.