■ In the Matter of the Claim of ANNE RUGGERI, Appellant, v SUNRISE NURSING HOME et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [818 NYS2d 309]—

Crew III, J. Appeal from a decision of the Workers' Compensation Board, filed January 24, 2005, which ruled that claimant did not sustain a causally related injury and denied her claim for workers' compensation benefits.

Claimant, a physical therapy assistant, filed a claim for workers' compensation benefits stemming from a September 2003 incident wherein she allegedly aggravated a preexisting neck and back condition while transporting patients. Following a hearing, a Workers' Compensation Law Judge established claimant's case and awarded her workers' compensation benefits. Upon application for review by the employer and its workers' compensation carrier, the Workers' Compensation Board found that claimant failed to demonstrate that the work-related incident caused her to suffer an aggravation of her preexisting neck and back condition and, accordingly, reversed the underlying decision and disallowed the claim. This appeal by claimant ensued.

We affirm. Claimant's treating physician, Warren Wulff, first evaluated claimant in November 2002 and diagnosed her as suffering from preexisting degenerative disc disease that was, in turn, aggravated by claimant's involvement in a June 2002 motor vehicle accident. Although claimant again consulted Wulff following the September 2003 work-related incident and Wulff ultimately became aware that claimant was contending that the increased pain she then was experiencing was attributable to her on-the-job injury, Wulff testified that if claimant gave a history as to the cause of her September 2003 flare-up of pain, he did not document it in her chart and, in any event, he found no objective evidence of a new injury. Wulff went on to testify that while claimant's work-related injury *may* have exacerbated her previous condition, he would be unable to apportion such injury as claimant never was successfully treated for her previous condition. According to Wulff, he never knew of a point in time between the June 2002 motor vehicle accident and the September 2003 work-related incident when claimant's symptoms resolved and, indeed, he issued a letter in December 2003 in which he attributed claimant's current disability to the June 2002 motor vehicle accident. Such proof, in our view, is more than sufficient to sustain the Board's decision. To the extent that other evidence in the record could support a contrary result, we need note only that the resolution of conflicting medical opinions lies within the province of the Board (*see Matter of Gilman v Champlain Val. Physicians Hosp.*, 23 AD3d 860, 861 [2005]). Claimant's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Mercure, J.P., Spain, Mugglin and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.