■ In the Matter of the Claim of TANYA HICKS, Respondent, v HUDSON VALLEY COMMUNITY COLLEGE et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [825 NYS2d 287]—

Peters, J. Appeal from a decision of the Workers' Compensation Board, filed March 21, 2005, which, inter alia, awarded workers' compensation benefits.

In April 2003, after approximately nine years of employment as a data analyst coordinator with Hudson Valley Community College (hereinafter employer), claimant sought workers' compensation benefits alleging that she experienced bilateral tingling and numbness in her hands and wrists caused by the performance of her keyboarding duties. The claim proceeded to a hearing, after which a Workers' Compensation Law Judge (hereinafter WCLJ) found that the report by claimant's physician constituted prima facie medical evidence of bilateral carpal tunnel syndrome. Following claimant's testimony at a subsequent hearing, and the deposition testimony of, among others, claimant's physician, Leonard Goldstock, and the workers' compensation carrier's independent medical examiner, Dominic Belmonte, the WCLJ filed a decision on July 30, 2004 precluding the workers' compensation carrier from including Goldstock's deposition as part of the record, citing the carrier's repeated failure to comply with the WCLJ's filing directives and, among other things, establishing occupational disease, no-

tice and causal relationship for bilateral carpal tunnel syndrome. The carrier applied for review before the Workers' Compensation Board and the Board affirmed the WCLJ's July 2004 decision. The employer and carrier now appeal.

The employer and carrier contend that the Board's decision precluding the carrier from including Goldstock's deposition testimony as part of the record is arbitrary and capricious, and constitutes an abuse of discretion, and that the Board's decision establishing the claim is not supported by substantial evidence in the record. We disagree.

Initially, we find no abuse of discretion in the WCLJ's ruling precluding the carrier from including Goldstock's deposition testimony in the record. By decision filed October 16, 2003, the WCLJ ordered the parties to depose the medical experts by January 1, 2004. Thereafter, the carrier was permitted several extensions to file the deposition testimony, culminating with a final deadline of June 17, 2004. Nonetheless, the carrier did not file the medical expert's deposition testimony until July 16, 2004 and did not offer a sufficient excuse for its untimely filing. "Where, as here, the carrier is at fault or has no excuse for failing to timely furnish its evidence, it is not an abuse of discretion to preclude that evidence" (*Matter of Hutchins v Callanan Indus.*, 293 AD2d 902, 902 [2002] [citations omitted]; *see* 12 NYCRR 300.10 [b]).

Nor are we persuaded by the employer and carrier's argument that reversible error occurred when it was not permitted to cross-examine Goldstock. Although the argument was raised before the Board with respect to the cross-examination of claimant's treating physician, James Cioffi, the carrier did not raise the argument with respect to the cross-examination of Goldstock until the instant appeal (*see Matter of Brown v Clifton Recycling*, 1 AD3d 735, 736 [2003]). Thus, "any right the carrier had to cross-examine this physician was waived by its failure to exercise its right in a timely fashion" (*id.*). Nor should the carrier be permitted, in the alternative, to cross-examine Goldstock following its dilatory filing.

Turning to the merits, we find that the Board's determination establishing the claim for bilateral carpal tunnel syndrome is supported by substantial evidence (*see Matter of Fama v P & M Sorbara*, 29 AD3d 170, 172-173 [2006], *lv dismissed* 7 NY3d 783 [2006]). "[I]t is well settled that [t]he determination of the medical condition and how it is to be classified is [a question of fact] . . . for the Board whose decision will not be disturbed if supported by substantial evidence" (*id.* at 172-173 [internal quotation marks and citations omitted]). Here, claimant testi-

fied about her keyboarding activities at work, and that she first experienced carpal tunnel syndrome symptoms in 1998. In his report dated June 10, 2003, Goldstock concluded that claimant's condition was consistent with bilateral carpal tunnel syndrome, and that the repetitive nature of data entry and typing can cause such a condition. Belmonte, the carrier's independant medical examiner, also concluded that claimant suffers from bilateral carpal tunnel syndrome, but declined to attribute her condition to the performance of work-related activities, noting the lack of scientific evidence linking keyboarding activities to the development of carpal tunnel syndrome. Nonetheless, "[t]o the extent that the opinions of claimant's medical expert[ ] conflicted with those of the [carrier's] medical expert[ ], it was within the province of the Board to resolve those conflicts" (*Matter of Patterson v Empire Blue Cross & Blue Shield*, 23 AD3d 870, 871 [2005]), and we decline to disturb the Board's determination.

Crew III, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.