■ In the Matter of the Claim of BRYAN HAAS, Appellant, v GROSS ELECTRIC et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [828 NYS2d 680]—

Crew III, J. Appeal from a decision of the Workers' Compensation Board, filed July 13, 2005, which ruled that claimant did not sustain a causally related injury and denied his claim for workers' compensation benefits.

Claimant was involved in a work-related motor vehicle accident on December 17, 2002 for which he submitted a claim for workers' compensation benefits. Thereafter, a Workers' Compensation Law Judge found the claim to be established based upon the opinion of a medical expert that claimant's back injury was causally related to the accident. Subsequently, that determination was rescinded based upon newly discovered evidence submitted by the workers' compensation carrier and, following further hearings, a Workers' Compensation Law Judge found that the medical evidence did not support an award and disallowed the claim, which decision was affirmed by a panel of the Workers' Compensation Board. Claimant now appeals and we affirm.

It is now axiomatic that where, as here, the Board's decision is supported by substantial evidence, such findings are conclusive despite the presence of evidence that might have supported a different result (*see Matter of Keeley v Jamestown City School Dist.*, 295 AD2d 876, 877 [2002]). Here, Fredric Fagelman, claimant's attending physician, originally concluded, based upon the history provided by claimant and an MRI, that claimant's back injury was causally related to the December 2002 automobile accident. The carrier's expert, Paul Jones, was of a like opinion.

The carrier thereafter received the medical records of Thomas Coppens, claimant's primary care physician, which revealed that claimant previously had suffered numerous back injuries prior to the December 2002 automobile accident and that the onset of his present problems occurred while he was wrapping presents on December 24, 2002. Based upon those records, Jones was ambivalent about his original opinion, although he still believed that claimant's condition probably was related to the automobile accident. Fagelman, on the other hand, testified that "if the history [was] different, it would obviously alter [his] opinion" as to causation. The record makes plain that the history given to Fagelman was very different from the facts contained in Coppens' records.* Coppens, in turn, testified that it was difficult to assign a particular injury as the cause of claimant's disc herniation, but that he suspected that the herniation occurred when claimant was wrapping gifts. Under the circumstances, we find that the Board's decision is fully supported by the record and must be affirmed. Claimant's remaining contentions have been examined and found to be equally without merit.

Cardona, P.J., Mercure, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.

---

* Claimant initially reported no prior back injuries and indicated that he experienced pain immediately following the automobile accident, while the subsequently discovered medical records referenced the motor vehicle accident with no apparent injury.