■ In the Matter of the Claim of EDWARD DOLLARD, Appellant, v VAL TECH RESEARCH, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [836 NYS2d 371]—

Spain, J. Appeals from three decisions of the Workers' Compensation Board, filed May 19, 2003, April 1, 2005 and November 23, 2005, which ruled, inter alia, that claimant had no further causally related disability.

In December 2000, claimant was injured in an automobile accident in the course of his employment as a tax examiner and filed a claim with the employer's workers' compensation carrier. Claimant's case was established for injuries to the neck and back and the Workers' Compensation Board directed an award from the date of injury at the total disability rate of $312.82. In October 2001, based upon a consultant's report, the employer and the carrier (hereinafter collectively referred to as the employer) filed an application seeking a reduction in the weekly payment to $103.23, the mild partial disability rate. Following a hearing where claimant alleged additional injuries, the Workers' Compensation Law Judge (hereinafter WCLJ) denied the employer's request to reduce payments, finding that there was prima facie evidence of a "psyche and neuro condition." At a hearing in June 2002, the accident, notice and causal relationship was amended to include a depressive disorder, and the case was continued.

Following hearings, the WCLJ filed a decision in April 2003 holding that, based on testimony and videotape surveillance evidence proffered by the employer, claimant had no further disability. In May 2003, the Board issued a decision confirming the WCLJ's finding that claimant was not disabled subsequent to June 5, 2002, and rescinding awards subsequent to that date. In June 2003, claimant filed an application for full Board review in response to the Board's May 2003 decision. In April 2005, the Board issued another decision affirming the WCLJ's decision of April 2003 as modified by the Board panel's decision of May 2003. Subsequently, the Board issued an amended decision in November 2005, which simply made permanent the tentative rates from January 3, 2002 to June 5, 2002. Claimant now appeals from the Board's May 2003, April 2005 and November 2005 decisions.

"It is now axiomatic that where, as here, the Board's decision

is supported by substantial evidence, such findings are conclusive despite the presence of evidence that might have supported a different result" (*Matter of Haas v Gross Elec.*, 36 AD3d 1174, 1175 [2007] [citation omitted]; *see Matter of Bunnell v Sangerfield Inn*, 35 AD3d 1021, 1023 [2006]). Substantial evidence is " 'proof within the whole record of such quality and quantity as to generate conviction in and persuade a fair and detached fact-finder that, from that proof as a premise, a conclusion or ultimate fact may be extracted reasonably—probatively and logically' " (*Matter of Stiefvater Real Estate, Inc. [Commissioner of Labor]*, 34 AD3d 1176, 1177 [2006], *lv denied* 8 NY3d 807 [2007], quoting *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 181 [1978]). This standard may be satisfied when a claimant's allegations are directly controverted by videotape (*see Matter of Woods v New York State Thruway Auth.*, 27 AD3d 933, 933-934 [2006], *lv denied* 7 NY3d 716 [2006]; *Matter of Phelps v Phelps*, 277 AD2d 736, 739 [2000]).

Applying these well-settled rules of law, we cannot agree with claimant that the Board's decisions are not adequately supported. Significantly, the surveillance videotapes submitted by the employer include a January 2002 performance by claimant's band where claimant can be clearly seen executing numerous dance maneuvers which involved combinations of jumping, turning, squatting and balancing, all with no apparent discomfort or limitation. Testimony also established that claimant was observed driving at high speeds for long distances and working on a Jeep with a friend. Claimant's treating physician, the employer's orthopedic consultant and the psychiatrist who had initially diagnosed claimant with postconcussional disorder and a mild neurocognitive disorder all concur that the behavior described in the videotape—both his physical capabilities and social interactions—would be inconsistent with the physical and emotional disabilities claimed by claimant. This evidence is more than sufficient to support the Board's conclusion that claimant was no longer disabled following June 5, 2002 (*see Matter of Patterson v Empire Blue Cross & Blue Shield*, 23 AD3d 870, 871 [2005]; *Matter of Outerie v Derle Farms*, 306 AD2d 793, 794 [2003]).

Further, we note that claimant's arguments that the Board wrongly applied Workers' Compensation Law § 114-a because the proof is insufficient that he made any false statements are inapposite, given that the Board's decisions were not premised on that statute but on the finding, based on factual testimony and medical opinion, that claimant was no longer disabled subsequent to June 5, 2002.

Peters, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the decisions are affirmed, without costs.