In the Matter of the Claim of VIVIAN EDWARDS, Appellant, v WACHTELL, LIPTON, ROSEN & KATZ et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [847 NYS2d 270]—

Crew III, J.P. Appeal from a decision of the Workers' Compensation Board, filed May 15, 2006, which ruled, among other things, that claimant had no further causally related disability.

Claimant was injured in 1988 when involved in an automobile accident that occurred while she was engaged in her employment. Claimant applied for and received disability benefits from the date of the accident through January 1989. In August 1989, claimant was awarded compensation for two weeks of lost time between January 1989 and August 1989.

In the ensuing years, claimant received physical therapy for her injuries and periodic compensation payments. Ultimately, in March 2006, a Workers' Compensation Law Judge issued a decision finding that claimant no longer suffered a causally related disability based upon the report submitted by the carrier's independent medical examiner. The Workers' Compensation Board upheld that determination, prompting this appeal by claimant.

We affirm. Where, as here, the Board's determination is supported by substantial evidence, it will not be disturbed despite the existence of evidence that might have supported a different result (*see Matter of Dollard v Val Tech Research, Inc.*, 40 AD3d 1332, 1333-1334 [2007]). The report of the carrier's independent medical examiner provided substantial evidence to support the Board's determination, and the fact that claimant's physician provided medical evidence to the contrary simply presented a credibility issue, the determination of which was the province of the Board (*see Matter of Patterson v Empire Blue Cross & Blue Shield*, 23 AD3d 870, 871 [2005]). We have considered

claimant's remaining contention that the Workers' Compensation Law Judge erred in denying her request for an extension of time to complete the depositions of the physicians and find it equally unavailing.

Peters, Mugglin, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.