■ In the Matter of the Claim of JAMES HARE, Appellant, v CHAMPION INTERNATIONAL et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [855 NYS2d 741]—

Mercure, J.P. Appeal from a decision of the Workers' Compensation Board, filed October 21, 2005, which ruled, among other things, that claimant failed to demonstrate an attachment to the labor market.

During his 23-year employment as a laborer and millwright at a paper mill, claimant sustained numerous injuries, including those arising out of an accident in which a coworker dropped two 500-pound bales of paper onto claimant's head, neck and back. In 1999, the mill was sold to another owner and claimant's employment was terminated. This Court affirmed the denial of his claim for compensable lost time through December 29, 2000, upon a finding that claimant's subsequent unemployment was due to economic conditions, rather than his injuries (*Matter of Hare v Champion Intl.*, 303 AD2d 799, 800 [2003]).

Thereafter, the Workers' Compensation Board determined that the case should be continued, permitted claimant to develop the record regarding whether his inability to find work after December 29, 2000 was related to his established injuries, and reopened claimant's other compensation cases. Following hearings and examination by an impartial orthopedic specialist, a Workers' Compensation Law Judge concluded that claimant had an overall moderate, permanent partial disability that did not prohibit employment, and that claimant failed to demonstrate attachment to the labor market. The Board affirmed, and claimant now appeals.

We affirm. Initially, we reject claimant's argument that the Board erred in determining him to be partially, instead of totally,

disabled. Resolution of the conflicting medical evidence in the record lies within the Board's province (*see e.g. Matter of Gilman v Champlain Val. Physicians Hosp.*, 23 AD3d 860, 861 [2005]; *Matter of Gentile-Cruz v Tri-State Empl. Servs.*, 23 AD3d 743, 744 [2005]). Inasmuch as the Board's determination that claimant had a moderate, partial disability is supported by substantial evidence—specifically, the opinions of the three independent medical examiners who testified at the hearings—we decline to disturb it despite the existence of evidence to support a different conclusion (*see Matter of Gilman v Champlain Val. Physicians Hosp.*, 23 AD3d at 861; *Matter of Scarpelli v Bevco Trucking Corp.*, 305 AD2d 892, 893 [2003]). To the extent that claimant asserts that the Board's decision deviated from its medical guidelines, we note that "[w]hile the guidelines provide useful criteria, the ultimate determination of total disability rests with the Board" (*Matter of Floyd v Millard Fillmore Hosp.*, 299 AD2d 610, 612 [2002]; *accord Matter of Thomas v City of Albany School Dist.*, 307 AD2d 664, 665 [2003]).

Furthermore, it is now settled that "[w]here a claimant has a permanent partial disability but there has been no finding of involuntary retirement, the claimant has an obligation to demonstrate attachment to the labor market with evidence of a search for employment within medical restrictions" (*Matter of Peck v James Sq. Nursing Home*, 34 AD3d 1033, 1034 [2006]; *see Matter of Laing v Maryhaven Ctr. of Hope*, 39 AD3d 1125, 1126 [2007], *lv denied* 9 NY3d 805 [2007]; *Matter of Rothe v United Med. Assoc.*, 18 AD3d 1093, 1094 [2005]). Here, claimant's lack of work was due to economic conditions, as opposed to involuntary retirement (*see Matter of Hare v Champion Intl.*, 303 AD2d at 800). In light of his concession that he has not sought work since December 2000, substantial evidence supports the Board's further determination that he has not demonstrated the requisite attachment to the labor market (*see Matter of Laing v Maryhaven Ctr. of Hope*, 39 AD3d at 1126; *Matter of Rothe v United Med. Assoc.*, 18 AD3d at 1094; *Matter of Scarpelli v Bevco Trucking Corp.*, 305 AD2d at 893).

We have considered claimant's remaining argument and conclude that it is without merit.

Peters, Rose, Kane and Malone Jr., JJ., concur. Ordered that the decision is affirmed, without costs.