■ In the Matter of the Claim of JORGE GUIFARRO, Respondent, v ZALMAN, REISS & ASSOCIATES et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [860 NYS2d 314]—

Spain, J. Appeal from a decision of the Workers' Compensation Board, filed September 25, 2006, which ruled that claimant sustained an accidental injury in the course of his employment and awarded workers' compensation benefits.

In March 2004, claimant, who worked as a warehouse employee and delivery person for the employer, filed a claim for workers' compensation benefits that listed the date of injury as June 24, 2002 and described the injury as caused by "repetitive lifting over years." Shortly thereafter, claimant's physician filed a C-4 form which again listed the date of injury as June 24, 2002, but stated that the injury occurred while claimant was lifting a heavy air conditioning unit. At a hearing in February 2005, claimant, through an interpreter, testified that when he was lifting an air conditioner on the alleged date of injury, he felt a "damage type of pain" in his back and reported the injury to his manager. Claimant stated further that he did not work again that day, but went to the hospital. The record shows that an MRI was performed on claimant's spine on June 24, 2002, although there is no concurrent report of claimant's accident.

The employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) controverted the claim throughout, asserting, among other things, that claimant's injury occurred on or before January 2002 and, therefore, his claim was barred by the two-year statute of limitations pursuant to Workers' Compensation Law § 28. In an April 2006 decision, the Workers' Compensation Law Judge established a work-related injury to claimant's back, listing the date of accident as June 24, 2002. On appeal, the Workers' Compensation Board affirmed that decision. This appeal by the carrier ensued.

Upon our review of a Board decision, we will not disturb such if it is supported by substantial evidence, despite the existence of evidence that may have supported a different result (*see Matter of Edwards v Wachtell, Lipton, Rosen & Katz*, 46 AD3d 972, 972 [2007]; *Matter of Dollard v Val Tech Research, Inc.*, 40 AD3d 1332, 1333-1334 [2007]). Issues of conflicting evidence and witness credibility are for the Board to resolve and this Court accords such determinations great deference (*see Matter of Hernandez v Vogel's Collision Serv.*, 48 AD3d 861, 861 [2008]; *Matter of Drakes v Bank Julius Baer & Co.*, 301 AD2d 799, 800 [2003]). Here, as the carrier contends, the record contained

various medical reports from the hospital that documented claimant's reports of lower back pain since as early as the summer of 2001. However, one of those reports also documented that, on an undisclosed date, claimant was at work when he bent over and experienced pain in his lower back, which is consistent with claimant's testimony that he injured his back while lifting an air conditioner. Both claimant's C-3 form and his physician's C-4 form reported the date of injury as June 24, 2002, which was supported by claimant's testimony, and the carrier failed to controvert that proof or provide evidence that concretely established an earlier date of injury. Accordingly, we find that the record contains substantial evidence to support the Board's decision and, thus, we affirm.

Cardona, P.J., Peters, Carpinello and Stein, JJ., concur. Ordered that the decision is affirmed, without costs.