In the Matter of the Claim of NEVEN VISIC, Appellant, v O'NERO & SONS CONSTRUCTION COMPANY et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [903 NYS2d 610]—

Rose, J. Appeal from a decision of the Workers' Compensation Board, filed September 2, 2008, which ruled, among other things, that claimant has a marked permanent partial disability.

Claimant sustained a work-related injury to his back in 2000. Following two surgeries, claimant was classified with a permanent partial disability in 2004 and was awarded workers' compensation benefits in accordance with this finding. In 2007, physician Romanth Waghmarae filed a C-27 form requesting reopening of claimant's case based upon a change in his medical condition, opining that claimant was totally disabled due to his injury. The Workers' Compensation Board reopened the case and, following hearings, a Workers' Compensation Law Judge (hereinafter WCLJ) determined that claimant had not established a total disability, but found him to have a marked permanent partial disability and continued benefits associated with a prior calculation of a $327.66 average weekly wage. On review, the Board, in a decision filed September 2, 2008, modified the WCLJ's decision, finding that the evidence presented supported a finding of a marked permanent partial disability, but remitted the matter to the trial calendar for the WCLJ to reconsider the

issue of claimant's average weekly wage. Claimant now appeals.*

We affirm. "Resolving conflicting medical opinions and drawing reasonable inferences from the evidence are within the province of the Board" (*Matter of Floyd v Millard Fillmore Hosp.*, 299 AD2d 610, 612 [2002] [citations omitted]; *see Matter of Wilson v Southern Tier Custom Fabricators*, 51 AD3d 1228, 1229 [2008]). Here, the Board relied on the medical reports of physicians Edward Simmons, who performed claimant's surgery in 2004, and Jerry Tracy, both of whom opined that claimant had a marked permanent partial disability. In arguing that he suffers from a total disability, claimant relies on the reports and testimony of Waghmarae and neurosurgeon Paul Lewis. Lewis testified, however, that he did not base his opinion of total disability on the medical guidelines used by the Board to determine a total disability of the back (*see* State of New York Workers' Compensation Board Medical Guidelines, at 27 [June 1996]). Further, when questioned about whether claimant met any of the five criteria listed in the guidelines, the doctors gave conflicting testimony and could only agree on claimant satisfying one of the criteria. In contrast, when questioned as to whether claimant satisfied the criteria for a marked permanent partial disability (*see* State of New York Workers' Compensation Board Medical Guidelines, at 27 [June 1996]), Waghmarae and Lewis testified that he satisfied a majority of those criteria. While it was not necessary that claimant meet all of the criteria in the guidelines before the Board could find him to be totally disabled (*see Matter of Floyd v Millard Fillmore Hosp.*, 299 AD2d at 612), we nevertheless conclude on this record that the Board's finding that claimant suffers from a marked permanent partial disability is supported by substantial evidence (*see Matter of Hare v Champion Intl.*, 50 AD3d 1254, 1255 [2008], *lv dismissed* 11 NY3d 863 [2008]).

Claimant also argues that his average weekly wage should be set at $380. We note, however, that subsequent to the Board's September 2, 2008 decision, the parties stipulated to an average weekly wage of $370 and that stipulation was incorporated into a Board decision filed March 30, 2009. Inasmuch as a timely appeal was not filed on that decision, and given the absence of cir-

---

* Claimant also applied for reconsideration and full Board review, which was denied. To the extent that claimant references issues in his brief related to the Board's denial of his application, insofar as no notice of appeal was timely filed on that decision, the matter is not properly before us (*see* Workers' Compensation Law § 23; *Matter of Delgado v Atlantic Sleep Prods.*, 13 AD3d 759, 760 [2004]).

cumstances justifying revisiting the issue, the decision is final and binding (*see* Workers' Compensation Law § 23; *Matter of Deich v City of White Plains*, 12 AD3d 928, 929 [2004]).

Cardona, P.J., Stein, McCarthy and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.