■ In the Matter of the Claim of ANGELO D. SOLURI, Appellant, v SUPERFORMULA PRODUCTS, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [946 NYS2d 712]—

Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed April 28, 2011, which ruled, among other things, that claimant has a mild permanent partial disability.

Claimant was injured in a work-related accident in 2001. He thereafter filed a claim for workers' compensation benefits and the claim was established for injury to his low back and left hip. The degree of claimant's disability was brought into question, and he was initially determined to have a total permanent disability. The workers' compensation carrier sought review of this determination. Due to significant differences in the medical opinions provided, the Workers' Compensation Board referred the case to an impartial specialist for an opinion on the degree of claimant's disability. Thereafter, the Board determined that claimant has a mild permanent partial disability. Claimant now appeals.

Claimant argues that the Board improperly relied upon the opinion of the impartial specialist because he did not refer to the Board's medical guidelines. We disagree. While the guidelines provide useful criteria to be used in assessing a claimant's degree of disability, the ultimate determination rests with the Board and must be upheld if it is supported by substantial evidence (see *Matter of VanDermark v Frontier Ins. Co.*, 60 AD3d 1171, 1172 [2009]; *Matter of Hare v Champion Intl.*, 50 AD3d 1254, 1255 [2008], *lv denied* 11 NY3d 863 [2008]). Consistent with the reports of two other physicians who examined claimant, the impartial specialist indicated that there were no objective or physiological findings to explain claimant's complaints of pain

and concluded that he has a mild partial disability. The impartial specialist was asked about the criteria set forth in the guidelines regarding total permanent disability and his testimony reflected that claimant did not meet the criteria. Inasmuch as the Board is empowered to resolve conflicting medical opinions and the foregoing constitutes substantial evidence supporting the Board's decision, we will not disturb it (*see Matter of Visic v O'Nero & Sons Constr. Co.*, 74 AD3d 1646, 1647 [2010]; *Matter of Hare v Champion Intl.*, 50 AD3d at 1254-1255).

Peters, P.J., Spain, Malone Jr. and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.