▮ In the Matter of the Claim of PATRICIA A. LANGENMAYR, Respondent, v SYRACUSE UNIVERSITY, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [765 NYS2d 914] —Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed October 24, 2001, which, inter alia, ruled that claimant was permanently totally disabled and awarded workers' compensation benefits.

In March 1992, claimant left her job as a secretary at Syracuse University (hereinafter the self-insured employer) because she was experiencing respiratory problems as the result of being exposed to indoor air pollutants in the building where she worked. She subsequently applied for workers' compensation benefits and her case was eventually established for occupational disease, notice and causal relationship. Claimant sought medical treatment for her condition at the time she stopped working and saw a number of different physicians thereafter. In July 1992, claimant was referred to Kalpana Patel, a specialist in environmental and occupational medicine. She found that claimant suffered from multiple chemical sensitivities, as well as sensitivity to multiple inhalants, and recommended that she be admitted to an environmental care unit at a hospital in Dallas, Texas. Claimant was hospitalized from July 26, 1992 until August 31, 1992 during which time she incurred $69,411.50 in medical expenses. The self-insured employer refused to pay for claimant's hospitalization because it was not preauthorized.

Claimant continued to receive medical treatment thereafter. Following a May 1995 hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) made certain awards and found, among other things, that the Texas hospital bill should be held in abeyance pending further hearings. The Workers' Compensation Board modified this decision and restored the case to the trial calendar for further development of the record to receive clarifying evidence of claimant's medical condition. Following additional hearings, the WCLJ made further awards, concluding that claimant was permanently totally disabled. The WCLJ also directed the self-insured employer to pay the Texas hospital bill, finding that it was for causally related medical care. The Board upheld these findings and this appeal by the self-insured employer ensued.

Initially, the self-insured employer asserts that the Board improperly found it responsible for the Texas hospital bill because it did not authorize such treatment and there is no ev-

idence that claimant's admission was an emergency as required by Workers' Compensation Law § 13-a (5). Workers' Compensation Law § 13-a (5) provides, in pertinent part: "No claim for specialist consultations, surgical operations, physiotherapeutic or occupational therapy procedures, x-ray examinations or special diagnostic laboratory tests costing more than five hundred dollars shall be valid and enforceable, as against such employer, unless such special services shall have been authorized by the employer * * * or unless such special services are required in an emergency." Here, Patel testified, consistent with her report, that she began treating claimant in July 1992 for her respiratory problems which included asthma, rhinosinusitis, chemical sensitivity, hypersensitivity pneumonitis and moderate obstructive airway disease. According to Patel, even though claimant was taking prednisone and receiving injections of epinephrine and intravenous magnesium, her condition did not improve. To the contrary, she stated that claimant exhibited wheezing and shortness of breath which appeared to be worsened by her stay in a hotel room in the City of Buffalo, Erie County, while receiving treatment. Patel opined that proper treatment required that claimant be placed in an environmentally pure setting, such as the unique one available at the Texas hospital, and that her referral to such facility was done on an emergency basis because claimant was in moderate respiratory distress and her condition was very unstable. Given the nature of claimant's affliction which the Texas hospital was specially equipped to handle, the Board could rationally conclude that an emergency situation was presented which obligated the self-insured employer to pay for claimant's hospitalization (see *Kraeger v Georgia-Pacific Corp.,* 53 AD2d 929 [1976]).

The self-insured employer further argues that substantial evidence does not support the Board's finding that claimant was permanently totally disabled. The record, however, contains conflicting medical evidence on this issue, which is within the province of the Board to resolve (see *Matter of Weber v Northberry Constr.,* 261 AD2d 744, 745 [1999]; *Matter of Rochel v Gardiner Manor Mall,* 259 AD2d 840, 840 [1999]) and we, therefore, decline to disturb the Board's decision.

Cardona, P.J., Crew III, Carpinello and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.