■ In the Matter of the Claim of WILLIE ROBINSON, Appellant, v NEW VENTURE GEAR et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [780 NYS2d 647]—

Crew III, J. Appeals from a decision and an amended decision of the Workers' Compensation Board, filed March 17, 2003 and March 21, 2003, which, inter alia, ruled that claimant had a 15% schedule loss of use of his left arm.

Claimant was injured when his left arm was caught in a machine during the course of his employment and, as a result, he filed a claim for workers' compensation benefits. Claimant thereafter arranged for an independent medical examination on the issue of permanent disability, and the examining physician, Walter Wawro, concluded that claimant had suffered a 50% schedule loss of use of his left arm as a result of the work-related accident. Orthopedic surgeon Mark Goodman, who examined claimant on behalf of the employer, disagreed, concluding that claimant had suffered only a 15% schedule loss of use of his left arm. Although a Workers' Compensation Law Judge subsequently directed the parties to schedule depositions for Wawro and Goodman, Wawro was unable to appear due to illness or injury. Goodman appeared for his deposition but no testimony was taken, apparently because Goodman did not have the records necessary to proceed, and the contemplated second deposition never came to pass. Given Wawro's continued unavailability, claimant obtained and submitted a new report by orthopedic surgeon W. David Ferraraccio, who opined that claimant had suffered a 27.5% schedule loss of use of his left arm.

The employer successfully precluded Wawro's report from consideration by the Workers' Compensation Law Judge, who thereafter credited Ferraraccio's report in concluding that claimant had suffered a 27.5% schedule loss of use of his left arm. Ultimately, a panel of the Workers' Compensation Board found, inter alia, that the medical evidence as a whole supported the 15% schedule loss of use found by Goodman. Claimant now appeals.

Preliminarily, we have no quarrel with the decision to preclude the medical report authored by Wawro. The employer sought and clearly had the right to cross-examine Wawro (*see Matter of Floyd v Millard Fillmore Hosp.*, 299 AD2d 610, 611 [2002]). Given his continued unavailability, and in light of the fact that claimant successfully obtained another evaluation, we see no basis upon which to set aside the Board panel's decision in this regard.

Nor are we persuaded that the Board panel's decision is not supported by substantial evidence in the record as a whole. Resolution of the conflicting medical opinions offered by Goodman

and Ferraraccio was within the Board panel's province, and the record fails to disclose any basis upon which to disturb its decision to resolve such conflict in the employer's favor (*see Matter of Muehl v Clinton's Ditch Coop.,* 300 AD2d 774, 775 [2002]). Claimant's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Cardona, P.J., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the decision and amended decision are affirmed, without costs.