■ In the Matter of the Claim of MARIA CASIANO, Appellant, v CCIP/UNION SETTLEMENT HOME CARE et al., Respondents.

Workers' Compensation Board, Respondent. Richard J. Radna, Appellant. [800 NYS2d 457]—

Carpinello, J. Appeal from a decision of the Workers' Compensation Board, filed November 28, 2003, which ruled that the surgery performed on claimant was not medically necessary.

In March 2001, claimant suffered a work-related injury to her back and was subsequently awarded workers' compensation benefits. Richard J. Radna, a neurosurgeon, examined claimant for the first time on August 1, 2001, and determined that she required decompression surgery to prevent permanent neurological damage. Although the workers' compensation carrier denied Radna's request for preauthorization, he nevertheless performed the procedure on August 3, 2001. Thereafter, a Workers' Compensation Law Judge determined that the surgery had not been medically necessary and declined to hold the carrier liable for the cost of the procedure. The Workers' Compensation Board affirmed that determination, prompting this appeal by claimant and Radna.

Initially, we note that, to the extent that Radna is not "a party in interest" under Workers' Compensation Law § 23, his appeal from the Board's decision must be dismissed for lack of standing (see Matter of Lewis v Karl A. Lefren, Inc., 234 App Div 513, 513-514 [1932]). With respect to claimant's contention that her surgery was medically necessary, Workers' Compensation Law § 13-a (5) provides, in pertinent part, that no claim for special medical services, such as surgery, "costing more than five hundred dollars shall be valid and enforceable, as against such employer, unless such special services shall have been authorized by the employer . . . or unless such special services are required in an emergency." Here, Radna testified that he proceeded with the surgery despite the carrier's denial of his request for authorization because, after reviewing a CT scan and an MRI of claimant's lumbar spine, he believed that delaying the procedure would have caused permanent neurological

damage and neuropathic pain. However, the carrier's neurosurgeon testified that, when he examined claimant in July 2001, there were no objective neurological findings to support a need for surgery. As it was within the province of the Board to resolve this conflicting medical evidence, we find no basis to disturb the Board's decision (*see Matter of Robinson v New Venture Gear*, 9 AD3d 571, 572-573 [2004]; *Matter of Langenmayr v Syracuse Univ.*, 309 AD2d 1090, 1091 [2003]).

Cardona, P.J., Mercure, Crew III and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.