■ In the Matter of the Claim of ROBIN OGDEN, Appellant, v PCA INTERNATIONAL et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [808 NYS2d 509]—

Kane, J. Appeal from an amended decision of the Workers' Compensation Board, filed October 18, 2004, which ruled that claimant did not sustain a causally related disability and denied her claim for workers' compensation benefits.

Claimant filed a claim for workers' compensation benefits alleging that she became disabled in April 2001 due to exposure to chemical fumes emanating from the carpeting, wallpaper and other materials at the newly constructed photography studio at which she had just begun working. After a workers' compensation law judge found the case to be compensable, the Workers' Compensation Board reversed, finding that the credible medical evidence demonstrated that there was no causal relationship between claimant's disability and her employment. This appeal by claimant ensued and we now affirm.

It is well settled that the resolution of conflicting medical opinions lies within the province of the Board (*see Matter of Casiano v CCIP/Union Settlement Home Care*, 19 AD3d 719, 721 [2005]; *Matter of Robinson v New Venture Gear*, 9 AD3d 571, 572-573 [2004]). Here, although certain medical experts diagnosed claimant with an allergic reaction and opined that such a condition was causally linked to her exposure to chemical fumes while at work, contrary medical testimony was offered by another medical expert to the effect that claimant had not suffered a work-related allergic reaction but, instead, experienced a recurrence of Sweet's syndrome, a condition with which she had been diagnosed in 1997. Inasmuch as the Board was free to credit the latter medical opinion, we conclude that substantial evidence supports its determination and, therefore,

decline to intervene (*see Matter of Keeley v Jamestown City School Dist.*, 295 AD2d 876, 877 [2002]).

Crew III, J.P., Peters, Mugglin and Rose, JJ., concur. Ordered that the amended decision is affirmed, without costs.