■ In the Matter of the Claim of JOHN RAFFIANI, Appellant, v ALLIED SYSTEMS, LTD., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [811 NYS2d 216]—

Crew III, J. Appeal from a decision of the Workers' Compensation Board, filed November 10, 2004, which ruled that claimant had a 60% schedule loss of use of his right arm.

Claimant sustained work-related injuries to his neck, back and right shoulder following a fall at work in January 2001 and was awarded workers' compensation benefits. Following various procedures, treatments and evaluations, claimant continued to experience problems with his right shoulder and, ultimately, this matter was set down for a hearing on the issue of permanency. In this regard, orthopedic surgeon Edwin Mohler, one of the three physicians who performed independent medical examinations of claimant, testified that claimant sustained a 60% schedule loss of use of his right arm. Claimant's treating orthopedic surgeon, Shankar Das, disagreed, opining that claimant's injuries were not amenable to a schedule loss of use award but, rather, warranted classification. A Workers' Compensation Law Judge found sufficient evidence to support a finding that claimant sustained a 60% schedule loss of use of his right arm, and a panel of the Workers' Compensation Board thereafter affirmed. This appeal by claimant ensued.

We affirm. Even a cursory review of the Board's decision reveals that the Board plainly grasped the issue before it—namely, whether claimant's injuries were amenable to a final adjustment with a schedule loss of use or, rather, warranted classification. After carefully reviewing the differences between and criteria necessary for each of those options, the Board elected to credit Mohler's testimony and find that claimant sustained a 60% schedule loss of use. Resolving conflicting medical testimony is a matter within the Board's sound discretion (see Matter of Robinson v New Venture Gear, 9 AD3d 571, 572-573 [2004]), and the record as a whole certainly supports the Board's findings here. Contrary to claimant's assertion, the Board did not simply disregard Das's opinion that claimant should be classified as permanently partially disabled. Moreover, Mohler clearly articulated why he did not believe classification was warranted in this instance. Thus, as the Board's decision is supported by substantial evidence in the record as a whole, it will not be disturbed.

Cardona, P.J., Peters, Lahtinen and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.