■ In the Matter of the Claim of Kevin Cullen, Respondent, v City of White Plains et al., Appellants. Workers' Compensation Board, Respondent. [846 NYS2d 456]—

---

Spain, J. Appeal from a decision of the Workers' Compensation Board, filed September 11, 2006, which ruled that claimant had a 50% schedule loss of use of his right leg.

Claimant injured his right knee in a work-related accident in 1996. This injury required immediate surgery as well as follow-up surgeries in 1997 and 2000. In 2001, both parties submitted medical reports concerning schedule loss of claimant's right leg, with claimant's physician estimating a 75% schedule loss and the employer's physician finding a 20% schedule loss. Thereafter, the parties stipulated to a 35% schedule loss, which was approved by a Workers' Compensation Law Judge (hereinafter WCLJ) in July 2001.

Subsequently, claimant required further treatment and partial knee replacement surgery was performed in November 2002. At hearings before the WCLJ, claimant's medical expert testified that the partial knee replacement surgery had resulted in a 50% schedule loss of use of claimant's right leg, while the employer's expert opined that claimant's schedule loss remained at the 20% level he had previously determined in 2001. The WCLJ credited claimant's expert and concluded that, following the partial knee replacement, claimant suffered from a 50% schedule loss of the use of his right leg. The Workers' Compensation Board affirmed the WCLJ's decision, prompting this appeal.

It is well settled that resolution of conflicting medical opinions is within the Board's discretion (*see Matter of Raffiani v Allied Sys., Ltd.*, 27 AD3d 983, 984 [2006]; *Matter of Robinson v New Venture Gear*, 9 AD3d 571, 572-573 [2004]). Furthermore, "[s]o long as the Board's determination is supported by substantial evidence it will be upheld" (*Matter of Gilman v Champlain Val. Physicians Hosp.*, 23 AD3d 860, 861 [2005]; *see Matter of Lopez v Superflex, Ltd.*, 31 AD3d 914, 914 [2006]). Here, while the Board's medical guidelines do not specifically address the impact of a partial knee replacement on schedule loss, claimant's expert found that the partial knee replacement—which included bone loss—and instability of the knee joint, which developed after the stipulation, decreased claimant's range of motion and resulted in a 50% schedule loss of use of his right leg. The employer's expert offered a contrary opinion to the effect that claimant's partial knee replacement had no effect on schedule loss. As the Board was free to credit claimant's expert opinion over that of the employer's expert, and as we find that this determination was supported by substantial evidence, we affirm (*see Matter of Ogden v PCA Intl.*, 26 AD3d 625, 625-626 [2006]).

The remaining contention by the employer that the Board ignored the issue of apportionment regarding a prior injury to

claimant was not raised before the Board and is not preserved for our review (*see Matter of Provenzano v Pepsi Cola Bottling Co.*, 30 AD3d 930, 932 [2006]).

Cardona, P.J., Peters, Carpinello and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.