■ In the Matter of the Claim of YVONNE PEARSON, Appellant, v BESTCARE et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [851 NYS2d 288]—

Peters, J.P. Appeal from a decision of the Workers' Compensation Board, filed April 27, 2006, which ruled that claimant sustained a further causally related disability subsequent to April 1, 2001.

Claimant sustained an established injury to her back on January 1, 1996 and was paid workers' compensation benefits until October 1996. In April 1999, a Workers' Compensation Law Judge (hereinafter WCLJ) determined that claimant neither sustained a permanent injury nor had a further causally related disability, and closed the case. Although claimant did not request a review of that decision by the Workers' Compensation Board, her treating physician sought to reopen her claim in June 1999. Following a hearing in October 2003, a WCLJ found no further causally related disability and closed the case. Claimant applied for Board review and, in May 2004, the Board rescinded the WCLJ's decision, finding that the record needed to be more fully developed in order to properly determine whether her

condition had changed and if claimant suffers from a further causally related disability.

Beginning in November 2004, testimony was taken from five physicians, who offered conflicting opinions concerning claimant's alleged disability. Based on this evidence, a WCLJ determined that claimant suffers from a further causally related disability, albeit mild, and awarded her workers' compensation benefits in the amount of $40 per week beginning April 1, 2001. This decision was affirmed on review by the Board and claimant now appeals.

We affirm. It is well settled that it is within the Board's discretion to resolve conflicting medical opinions (*see Matter of Cullen v City of White Plains*, 45 AD3d 1167, 1168 [2007]; *Matter of Raffiani v Allied Sys., Ltd.*, 27 AD3d 983, 984 [2006]; *Matter of Robinson v New Venture Gear*, 9 AD3d 571, 572-573 [2004]). Here, the employer's medical expert testified that there were no indications to substantiate claimant's subjective complaints of pain since her injury and he found evidence that she was feigning her condition, although he conceded that she may have a mild degree of disability. Although claimant's expert opined that she suffers from a more severe further causally related disability, the Board is entitled to credit the opinion of the employer's expert. Accordingly, as we find that the Board's determination— that claimant suffers from a mild further causally related disability—is supported by substantial evidence, it will not be disturbed, notwithstanding evidence that supported a contrary position (*see Matter of Curatolo v Sofia Fabulous Pizza*, 41 AD3d 1049, 1051 [2007]; *Matter of Gilman v Champlain Val. Physicians Hosp.*, 23 AD3d 860, 861 [2005]).

Carpinello, Rose, Kane and Malone Jr., JJ., concur. Ordered that the decision is affirmed, without costs.