■ In the Matter of the Claim of ELENI DIMITRIADIS, Appellant, v ONE SOURCE et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [860 NYS2d 331]—

Malone Jr., J. Appeal from a decision of the Workers' Compensation Board, filed May 18, 2006, which ruled, among other things, that claimant did not sustain a further causally related disability.

On March 1, 1999, claimant, a cleaning person, was injured when she struck her head on a metal shelf or cabinet while cleaning an office. Claimant went to the hospital, where she was diagnosed with a mild head trauma. Workers' compensation benefits were awarded to claimant for an established injury to her head and neck, payable from the date of the injury until July 7, 1999, and the case was continued. In 2000, claimant was found to have produced prima facie evidence of a consequential psychiatric disability. After numerous hearings concerning a further causally related disability and a consequentially related psychiatric disability, a Workers' Compensation Law Judge found that, although claimant suffered from many medical conditions, she had not established that the conditions were causally or consequentially related to her work injury. On review, the Workers' Compensation Board affirmed, prompting this appeal.

We affirm. "It is well settled that it is within the Board's discretion to resolve conflicting medical opinions" (*Matter of Pearson v Bestcare*, 48 AD3d 862, 863 [2008] [citations omitted]; *see Matter of Raffiani v Allied Sys., Ltd.*, 27 AD3d 983, 984 [2006]; *Matter of Robinson v New Venture Gear*, 9 AD3d 571, 572-573 [2004]). Moreover, "[s]o long as the Board's determination is supported by substantial evidence it will be upheld" (*Matter of Gilman v Champlain Val. Physicians Hosp.*, 23 AD3d 860, 861 [2005]; *accord Matter of Cullen v City of White Plains*, 45 AD3d 1167, 1168 [2007]). Here, claimant's treating physician, Emanuel Lambrakis, opined that, due to the severity of the impact, claimant had suffered a bone fracture in the thoracic spine and suffered causally related injuries to her neck. He further testified that claimant suffers from knee and back problems consequentially related to the accident. Lambrakis admitted that he did not examine claimant until three months after her injury and had not reviewed the hospital records from the day of the accident. Although he testified that claimant had lost consciousness when she hit her head and immediately started having severe pain in the head and neck, as well as vertigo, hospital records indicate that, although she was diagnosed with a mild head trauma, she denied having a headache at that time and denied losing consciousness.

The employer's medical expert opined that, based on his examination of claimant in 2003, although she exhibited subjective complaints of pain, the injury to her neck had resolved and she did not require further medical treatment. Furthermore, although there was evidence of a fracture in the thoracic spine, he testified that, based on a review of claimant's medical records and the fact that such injuries are not uncommon in individuals of claimant's age and can occur without causing pain, it was not possible to determine when the injury occurred. Accordingly, as the Board was free to credit the employer's expert opinion over claimant's expert, we find that the Board's determination was supported by substantial evidence (*see Matter of Ogden v PCA Intl.*, 26 AD3d 625, 625-626 [2006]).

Regarding her claim of a consequential psychiatric disability, claimant's psychiatrist, Paul Ladopoulos, who treated her in 2000 and again in 2004, diagnosed her as suffering from post-traumatic stress disorder due to her accident, which was manifested by depression, and found her to be totally disabled. However, Ladopoulos also testified that some of claimant's other existing medical conditions, including hypertension, diabetes, hypercholesterol and heart disease, which are not causally related to her accident, could cause depression. Furthermore, he also noted that claimant's husband had passed away three months prior to his initial examination of her, which also could have triggered her condition. As the psychiatrist's testimony, although unrebutted, presented a credibility issue to be resolved by the Board (*see Matter of Papadakis v Volmar Constr., Inc.*, 17 AD3d 874, 875 [2005]), we will not disturb the Board's finding that claimant failed to establish a consequential psychiatric disability.

Mercure, J.P., Rose, Kane and Kavanagh, JJ., concur. Ordered that the decision is affirmed, without costs.