■ In the Matter of the Claim of ROGER BUTLER, Respondent, v GENERAL MOTORS CORPORATION et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [930 NYS2d 96]—

Stein, J.

Claimant, a pipe fitter, allegedly injured his right shoulder while lifting a toolbox at work and applied for workers' compensation benefits. The employer and its workers' compensation carrier (hereinafter collectively referred to as the employer) controverted the claim, and a prehearing conference was scheduled. The employer filed an untimely prehearing conference statement but argued that, because it simultaneously filed an amended notice of controversy, the scheduled conference was premature and should be rescheduled, rendering its statement timely (*see* Workers' Compensation Law § 25 [2-a] [d]; 12 NYCRR 300.38 [f] [1]). The Workers' Compensation Law Judge disagreed, declined to excuse the employer's late filing, found that the employer waived its defenses as a result of its untimely statement (*see* 12 NYCRR 300.38 [f] [4]) and ultimately established the claim. The Workers' Compensation Board affirmed, and the employer and its claims administrator (hereinafter collectively referred to as the employer) appeal.

We affirm. A prehearing conference is required to be scheduled "as soon as practicable . . . after receipt of notice of controversy and a medical report referencing an injury" (Workers' Compensation Law § 25 [2-a] [a]), and the Board has specified that it must occur within 30 days after those documents are filed (*see* 12 NYCRR 300.38 [b] [1]; [g] [1]). Contrary to the employer's argument, claimant had already filed a medical report referencing his injury, and the prehearing conference was correctly scheduled upon the employer's filing of its initial notice of controversy. Therefore, it was incumbent upon the employer to submit an affidavit demonstrating that its failure to timely file the prehearing conference statement "was due to good cause" and occurred despite its "good faith and due diligence" (12 NYCRR 300.38 [f] [4]). The employer did not submit the required affidavit and wholly failed to explain why it was unable to file its statement in a timely fashion. Thus, we decline to disturb the Board's determination that the employer's prehearing conference statement was untimely and effected a waiver of its defenses (*see Matter of McCarthy v Verizon Wireless*, 83 AD3d 1352, 1353 [2011]).

The employer's remaining contentions have been considered and are found to be unpersuasive.

Peters, J.P., Spain, Lahtinen and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.