Matter of Maloney v Wende Corr. Facility (2018 NY Slip Op 00374)





Matter of Maloney v Wende Corr. Facility


2018 NY Slip Op 00374


Decided on January 18, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 18, 2018

525127

[*1]In the Matter of the Claim of SHAWN MALONEY, Appellant,
v
WENDE CORRECTIONAL FACILITY et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: December 14, 2017

Before: McCarthy, J.P., Egan Jr., Devine, Mulvey and Rumsey, JJ.


Losi & Gangi, PC, Buffalo (Thorice M. Jacobs of counsel), for appellant.
William O'Brien, State Insurance Fund, Buffalo (Thomas P. Etzel of counsel), for Wende Correctional Facility and another, respondents.


Egan Jr., J.

MEMORANDUM AND ORDER
Appeal from a decision of the Workers' Compensation Board, filed August 18, 2016, which ruled, among other things, that claimant had a 50% schedule loss of use of his right arm.
Claimant, a correction officer, injured his right shoulder while working at Wende Correctional Facility on July 30, 2013. He filed a claim for workers' compensation benefits that was not controverted, and his case was established for a work-related
injury to his right shoulder. Thereafter, claimant was medically evaluated for purposes of determining the permanency of his injury. Michael Grant, claimant's treating orthopedist, issued a report opining that claimant sustained a 90% schedule loss of use (hereinafter SLU) of his right arm. However, Gregory Shankman, the orthopedist who conducted an independent medical examination of claimant, issued a report opining that he sustained only a 50% SLU. Following the issuance of these conflicting reports, the employer and its workers' compensation carrier (hereinafter collectively referred to as the employer) made a request for further action, and a hearing was conducted before a Workers' Compensation Law Judge (hereinafter WCLJ). At the conclusion of the hearing, the WCLJ credited Shankman's opinion over Grant's and found that claimant sustained a 50% SLU of the right arm. The Workers' Compensation Board [*2]subsequently upheld the WCLJ's decision, and this appeal by claimant ensued.[FN1]
Initially, claimant contends that the employer failed to file a prehearing conference statement as directed by the Board prior to the hearing and, pursuant to 12 NYCRR 300.38 (4), waived any defenses to the 90% SLU award that was assigned to claimant's injury by Grant. We disagree. As is evident from our review of Workers' Compensation Law § 25 (2-a) (a), 12 NYCRR 300.38 and the case law interpreting it, the filing of a prehearing conference statement is contemplated where the claim for workers' compensation benefits is controverted (see Matter of Butler v General Motors Corp., 87 AD3d 1260, 1261 [2011]; Matter of Smith v Albany County Sheriff's Dept., 82 AD3d 1334, 1334-1335 [2011], lv denied 17 NY3d 770 [2011]). Here, the employer did not controvert the claim, and the Board acknowledged that its directive to the employer to file a prehearing conference statement was error. Accordingly, the employer was not precluded during the proceedings before the WCLJ from challenging the 90% SLU award proposed by Grant.
Turning to the merits, section 2.5 of the New York State Guidelines for Determining Permanent Impairment and Loss of Wage Earning Capacity (2012) sets forth the parameters for medical experts to follow in formulating an SLU award for a shoulder injury. In this case, both Grant and Shankman applied the guidelines, but they reached different conclusions as to the SLU percentage applicable to claimant's injury. We note that the Board is vested with the authority to resolve conflicting medical opinions concerning the SLU percentage to be assigned to a specific injury (see Matter of Cullen v City of White Plains, 45 AD3d 1167, 1168 [2007]; Matter of Raffiani v Allied Sys., Ltd., 27 AD3d 983, 984 [2006]). Furthermore, judicial review is limited, and the Board's determination will not be disturbed as long as it is supported by substantial evidence (see Matter of Grugan v Record, 84 AD3d 1648, 1649 [2011]; Matter of Cullen v City of White Plains, 45 AD3d at 1168).
In formulating their respective SLU percentages, both Grant and Shankman assigned a 10% value to claimant's rotator cuff tear under special consideration number eight of the guidelines (see New York State Guidelines for Determining Permanent Impairment and Loss of Wage Earning Capacity at 24 [2012]). Shankman also assigned a 40% loss of use for the decrease in range of motion in anterior flexion and abduction to 90 degrees under table 2.11, resulting in a total SLU of 50% (see New York State Guidelines for Determining Permanent Impairment and Loss of Wage Earning Capacity at 23 [2012]). Like Shankman, Grant also assigned a 40% loss of use for the decrease in range of motion in anterior flexion to 90 degrees under table 2.11. However, in addition to this and the 10% loss of use attributable to the rotator cuff, he assigned another 40% loss of use for the decrease in range of motion in abduction to 90 degrees under section 2.5 (3) of the guidelines, resulting in a total SLU of 90% (see New York State Guidelines for Determining Permanent Impairment and Loss of Wage Earning Capacity at 23 [2012]).
The dispositive issue is whether, in determining the SLU percentage applicable to a shoulder injury, it is appropriate to assign separate loss of use values for deficits in anterior flexion and abduction or if this is duplicative and results in an inflated SLU percentage. The guidelines do not specifically address this issue. The Board, however, recently addressed it in Employer: NFTA Metro (2016 WL 1272544 [WCB No. G048 9491, Mar. 23, 2016]) in an effort to bring clarity to its own prior inconsistent decisions. In that case, the Board decided to follow [*3]the precedent established in Employer: USF Holland (2015 WL 9598712 [WCB No. G048 9474, Dec. 31, 2015]) and Matter of Gowanda Correctional Facility (2015 WL 4640727 [WCB No. G060 0721, July 29, 2015]), and concluded that separate values should not be assigned for anterior flexion and abduction deficits in determining an SLU award for a shoulder injury. Significantly, the Board noted that adding together separate values for anterior flexion and abduction deficits could produce an entirely illogical result. Specifically, the combined value could exceed 80%, the SLU percentage that under the guidelines is applicable to a claimant with ankylosis — an impairment of the shoulder restricting the range of motion to zero degrees — and a claimant with a lesser injury and greater range of motion might actually obtain a more favorable SLU award (see New York State Guidelines for Determining Permanent Impairment and Loss of Wage Earning Capacity at 23 [2012]).
Here, due to the duplication of values for deficits in anterior flexion and abduction, the 90% SLU award proposed by Grant would provide claimant with a greater award than a claimant with ankylosis of the shoulder. Moreover, the record reflects that claimant's shoulder impairment is not totally disabling as Grant cleared him to return to work at full duty without restrictions following his shoulder surgery. In view of the foregoing, and given that the Board was free to credit Shankman's medical opinion over Grant's, we find that substantial evidence supports the Board's decision upholding the 50% SLU award.
McCarthy, J.P., Devine, Mulvey and Rumsey, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: Claimant also applied for full Board review of this decision, but it was denied. He has not appealed that decision.