■ In the Matter of the Claim of PATRICIA SNYDER, Respondent, v CLOVE LAKES NURSING HOME et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed February 15, 1980, which held that claimant had a continuing causally related partial disability due to contact dermatitis after December 1, 1978. Claimant, employed as a maid by Clove Lakes Nursing Home, commenced the initial claim in July of 1978 on the basis of a medical report establishing that contact dermatitis of the hands was caused by claimant's exposure to detergents and water during her employment. The referee found an occupational disease in the nature of dermatitis of both hands, awarded compensation and continued the case. On June 12, 1979, a referee closed the case on the ground of no further causally related disability. Claimant applied for review to the board which reversed and found, in pertinent part, as follows: "on the basis of the probative medical evidence particularly the testimony of Dr. [Harris] *** claimant has a continuing causally related partial disability due to contact dermatitis subsequent to 12/1/78 *** that claimant cannot return to the type of work she was engaged in at the place of employment and can do limited work where there is no exposure to chemical detergents." On this appeal, the employer and its insurance carrier contend that the board's decision is not supported by substantial evidence. Essentially, appellants assert that there was no medical evidence of a continuing causal relation inasmuch as claimant's disability resulted from a primary irritant and not sensitivity to any particular substance. In testing the issue of continued causal relationship, the courts have consistently applied a literal construction to subdivision 1 of section 37 of the Workers' Compensation Law which defines "disability" in the area of occupational diseases as "the state of being disabled from earning full wages at the work at which the employee was last employed" *(Matter of Andrias v Ryan-Turecamo,* 12 AD2d 534, mot for lv to app den 9 NY2d 609). While both the carrier's consultant and the board's medical examiner determined that claimant had no clinical disability, claimant's attending physician stated that claimant could never resume her regular work, but could do limited work not involving exposure to irritants. In effect, any further exposure to detergents at work would cause renewed outbursts of dermatitis. These facts satisfy a literal construction of the statute and, accordingly, the board's decision should be affirmed. Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P.J., Mikoll, Yesawich, Jr., and Weiss, JJ., concur.