■ In the Matter of the Claim of RICHARD H. McCAFFREY, Appellant, v JAMES L. LEWIS, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [754 NYS2d 88] —Mugglin, J. Appeal from a decision of the Workers' Compensation Board, filed September 27, 2001, which, inter alia, ruled that claimant did not suffer from a disabling condition.

Claimant, a pipe-fitter for over 20 years, has not worked since being diagnosed with asbestosis and pleural placquing in 1988. Initially, a Workers' Compensation Law Judge (hereinafter WCLJ) found claimant disabled due to an occupational disease in conformity with the diagnosis. This determination, affirmed by a panel of the Workers' Compensation Board, was, on review by the full Board, rescinded and remanded to the Board panel. After an in-depth review, the Board panel remanded the case to the WCLJ for additional development of the record. Following substantial hearings, the WCLJ found claimant disabled but, on review, the Board ruled, inter alia, that although claimant did show signs of pleural placquing, "the degree of pleural placque is not disabling and is not the source of claimant's disability." It, therefore, reversed the WCLJ's finding and claimant now appeals the Board's ruling.

On appeal, claimant makes three arguments. First, he contends that the Board's decision is not supported by substantial evidence, arguing, in fact, that the medical evidence unanimously concludes that he is disabled. A Board decision based on substantial evidence will not be disturbed (see Matter of Moore v J & R Vending Corp., 297 AD2d 887, 888; Matter of Jean-Lubin v Home Care Servs. for Ind. Living, 295

AD2d 825, 826; *Matter of Ameen v MTA Long Is. Bus*, 293 AD2d 957, 958). Moreover, "it is the province of the Board to resolve conflicts in medical opinions" (*Matter of Di Fabio v Albany County Dept. of Social Servs.*, 162 AD2d 775, 776), which resolutions are "accorded deference" (*Matter of Matusko v Kennedy Valve Mfg. Co.*, 296 AD2d 726, 728). Here, the Board's finding of no disability related to pleural placquing is based on substantial evidence. Thomas Aiello, an impartial medical specialist, testified that claimant does not suffer from asbestosis and that claimant suffers from no "significant functional impairment" and is not disabled. David Davin agreed that claimant does not suffer from asbestosis and that serious doubts exist concerning his purported disability. Indeed, claimant's own pulmonologist, Richard Barron, acknowledged that claimant's pleural placquing is not a disabling condition. Also, the record shows that claimant's shortness of breath and airway obstruction may be due to moderate obesity and smoking one to two packs of cigarettes a day for almost 30 years, rather than exposure to asbestos. Such evidence amply supports the Board's decision and disproves claimant's argument that the Board rejected uncontroverted medical evidence in favor of its own opinion (*see Matter of Owens v Village of Ellenville Police Dept.*, 280 AD2d 786, 786-787, *appeal dismissed* 96 NY2d 859; *Matter of Imbriani v Berkar Knitting Mills*, 277 AD2d 727, 731).

Next, claimant argues that he is disabled as a matter of law within the definition found in Workers' Compensation Law § 37 (1). That section defines "disability" as "being disabled from earning full wages at the work at which the employee was last employed" (Workers' Compensation Law § 37 [1]). Claimant's argument is that he can no longer be employed as a pipe-fitter because he cannot be exposed to asbestos. Not only should no worker be exposed to asbestos, but the evidence in this record reveals that claimant can work as a pipe-fitter on new construction projects where asbestos is not present or on projects where asbestos is present if he wears appropriate protective gear. Cases cited by claimant where an occupational disease totally bars a claimant from continuing his or her last employment are therefore inapposite (*see e.g. Snyder v Clove Lakes Nursing Home*, 83 AD2d 675; *Matter of House v International Talc Co.*, 51 AD2d 832, *lv denied* 39 NY2d 708).

Lastly, we reject claimant's third contention that the Board's finding defeats the economic and humanitarian purpose of the Workers' Compensation Law (*see Matter of Spyhalsky v Cross Constr.*, 294 AD2d 23, 25; *Matter of Young v Ceramic Tile*

*Contrs.*, 288 AD2d 570, 571). The objectives of the Workers' Compensation Law do not require the extension of benefits to claimant in the absence of the clear establishment of an actual work-related disability.

Cardona, P.J., Crew III, Peters and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.