■ In the Matter of the Claim of RADU LUPASCU, Respondent, v UTOG 2-WAY RADIO, Appellant, and STATE INSURANCE FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [767 NYS2d 700]—

---

* There is no dispute that the provisions of Domestic Relations Law § 240 (1-b) were fully complied with.

Peters, J. Appeal from a decision of the Workers' Compensation Board, filed December 27, 2001, which dismissed the employer's appeal on the ground that it lacked standing.

In April 1998, claimant was injured in the course of his employment. Following back surgery, he returned to part-time employment with the same employer for approximately four months after which he ceased working. In a decision filed May 18, 2001, a Workers' Compensation Law Judge (hereinafter WCLJ) classified claimant as "permanently totally disabled" and awarded him benefits.

The State Insurance Fund, the employer's workers' compensation carrier, and independent counsel representing the employer appeared throughout the proceedings. While the carrier elected not to appeal from the WCLJ's decision of May 2001, counsel for the employer filed a timely application for review by the Workers' Compensation Board. Therein, further development of the record was sought regarding claimant's classification of having suffered a permanent total disability. The Board dismissed the employer's application by finding that it lacked standing to file an appeal from the WCLJ's determination without the participation of the carrier; it found no conflict of interest between them.

Upon this appeal, we find no support for the Board's ruling that this employer is precluded from filing an independent application for review of a WCLJ's decision. Workers' Compensation Law § 23 provides that an appeal to the Board may be filed by "[a]ny party." It is undisputed that the employer has remained a "party in interest" (*Matter of Edwards v Board of Educ. of City of N.Y.*, 32 AD2d 690, 690 [1969]) throughout these proceedings and, in this role, has filed at least one prior independent appeal of an earlier WCLJ decision which established claimant's case for a compensable back injury. Before dismissing this proceeding, the Board never gave the employer an opportunity to demonstrate how or if it was adversely affected by the decision under review. For this reason, its finding that there was no conflict of interest between the employer and the carrier is without foundation. In light of the evidence before the Court on this issue, we remit the matter to the Board for a factual inquiry on the issue of standing before making a determination pursuant to Workers' Compensation Law § 23 (*see id.* at 690;

*Pigott v Field*, 13 AD2d 350, 354 [1961]; *Matter of Communiciar*, WCB No. 0971 3587 [Mar. 13, 2000] [2000 WL 33344675 at *2]).

Cardona, P.J., Crew III, Mugglin and Kane, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.