■ In the Matter of the Claim of JOHN LAFLAMME, Appellant, v S.S. ELECTRIC REPAIR SHOP, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [783 NYS2d 719]—

Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed October 30, 2002, which ruled that claimant did not sustain a causally related occupational disease and denied his claim for workers' compensation benefits.

Claimant worked for the employer from 1993 to 1996, stripping varnish from small electric motors. After being laid off by the employer, claimant filed a claim for workers' compensation benefits, alleging that his exposure to methylene chloride, a chemical solvent that was used by the employer to strip the motors, had damaged his central nervous system. Following a hearing and the submission of expert medical testimony on the issue, a Workers' Compensation Law Judge (hereinafter WCLJ) established claimant's case for an occupational disease on the ground that claimant had met his burden of establishing that his exposure to the methylene chloride had caused him to develop certain neurological symptoms. The Workers' Compensation Board rescinded the WCLJ's decision because the record contained "inconsistent medical opinion concerning whether claimant's exposure to methylene chloride caused or contributed to his [condition]." The Board ordered an impartial medical specialist, Nabil Aziz, to examine claimant. Based on this specialist's report and testimony, along with other evidence previously submitted, the Board subsequently reversed the WCLJ's decision on the ground that claimant had failed to establish a causally related occupational disease. Claimant appeals.

We have recently held that a Board determination cannot be sustained when "it is clearly based on incorrect facts or an inaccurate reading of the record" (*Matter of Evans v Jewish Home & Hosp.*, 1 AD3d 736, 738 [2003], *appeal dismissed* 2 NY3d 823 [2004]). Here, both the impartial medical expert, Aziz, and claimant's treating physician, Michael Lax, testified that claimant suffers from neurological maladies. Lax causally related those problems to claimant's workplace exposure to methylene chloride. While Aziz indicated that he could not establish such causation with a reasonable degree of medical certainty, he did acknowledge that claimant's problems were "[m]ore probably than not" a result of his workplace exposure. There was also evidence tending to undermine causation. In rejecting causation regarding claimant's neurological symptoms, the Board, inter alia, cited to a specific page of Aziz's testimony for the proposition that the doctor there purportedly "stated that there were a lot of possible causes of the claimant's conditions and . . . that other causes were just as likely as the possibility that it was caused at work." However, on that page, Aziz was testifying about an MRI report regarding the inflammation of claimant's sinuses and not his core neurological problems.

The direct reference to a specific page reflects that the Board ostensibly placed weight in its final conclusion on such testimony. Yet, the testimony on that page did not support the proposition stated by the Board. While there would still be ample evidence to support the Board's conclusion of no causation without this mischaracterized testimony, there was also evidence supporting causation and we cannot discern what role, if any, this inaccurate reading of the record played in the Board's decision. Since "this Court has limited power to review the sufficiency of evidence and lacks the ability to weigh conflicting proof" (*Matter of Coscia v Association for Advancement of Blind & Retarded*, 273 AD2d 719, 721 [2000]), the decision must be reversed and the matter remitted to the Board.

Crew III, J.P., Peters, Carpinello and Mugglin, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.