■ In the Matter of the Claim of RADU LUPASCU, Respondent, v UTOG 2-WAY RADIO, INC., Appellant, et al., Respondent. WORKERS' COMPENSATION BOARD, Respondent. [814 NYS2d 887]—

Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed June 28, 2004, which ruled that claimant sustained a permanent total disability.

Claimant sustained injuries to his back in a motor vehicle accident which occurred while he was working as a chauffeur. Claimant underwent back surgery two months later and, apart from one failed attempt to return to work on a part-time basis, has not been employed in any capacity since the accident. A Workers' Compensation Law Judge determined that claimant was permanently totally disabled. Upon review, sought by the employer but not its workers' compensation carrier, the Workers' Compensation Board affirmed.* The employer now appeals.

The Board's determination will be upheld if supported by substantial evidence (see Matter of McCaffrey v James L. Lewis, Inc., 301 AD2d 833, 833 [2003]; Matter of Ameen v MTA Long Is. Bus, 293 AD2d 957, 958 [2002]). Aside from a period of no compensable lost time from October 1, 1998 to February 20, 1999, the record indicates that claimant has been unable to perform work of any kind since the accident. Additionally, claimant was examined three times by an independent medical examiner who reported that claimant was totally disabled, had reached maximum medical benefit from physical therapy and should remain on a pain management regimen. In light of the uncontradicted evidence that claimant remains totally disabled several years after the accident despite continuous medical treatment and that the independent medical examiner does not foresee any improvement in his condition, we can discern no basis upon which to disturb the Board's determination that claimant sustained a permanent total disability (see Matter of Floyd v Millard Fillmore Hosp., 299 AD2d 610, 612 [2002]; see also Matter of Loftus v New York News, 279 AD2d 657, 659 [2001]; Matter of Doersam v Oswego County Dept. of Social Servs., 171 AD2d 934, 936 [1991], affd 80 NY2d 775 [1992]).

Cardona, P.J., Peters, Carpinello and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.

* It should be noted that the Board initially found that the employer lacked standing to challenge the workers' compensation law judge's determination. However, on appeal this Court reversed and remitted the matter for further proceedings (2 AD3d 915 [2003]). Upon further inquiry, the Board found that the employer does have standing to challenge the determination.