In the Matter of the Claim of RONALD J. HAYES, Appellant, v NASSAU COUNTY POLICE DEPARTMENT et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [873 NYS2d 766]—

Mercure, J.P. Appeal from a decision of the Workers' Compensation Board, filed October 29, 2007, which ruled that claimant voluntarily removed himself from the labor market and denied his claim for workers' compensation benefits.

Claimant retired from employment as a police officer on July 5, 2002. Prior to his retirement, he was involved in two work-related car accidents—in 1991 and 2000. He received benefits, which were awarded in separate workers' compensation cases,

related to injuries sustained in those accidents. In December 2001, while the 2000 claim was still pending, the 1991 workers' compensation claim was reopened to consider the need for further treatment.* During the ensuing hearing, Peter Lesniewski, claimant's treating orthopedic surgeon, testified regarding claimant's need for surgery and his physical condition from 1993 through April 2003. A laminectomy requested by Lesniewski was authorized, and claimant had the surgery in 2003.

Claimant subsequently sought compensation for lost time from work and a hearing was held, in the context of both the 1991 and 2000 cases, to determine whether claimant voluntarily withdrew from the labor force when he retired. At the hearing, claimant's attorney specifically requested that the Workers' Compensation Law Judge (hereinafter WCLJ) consider Lesniewski's testimony regarding the need for surgery as evidence of claimant's involuntary retirement. Ultimately, the WCLJ determined that claimant's withdrawal from the labor force was not voluntary. The Workers' Compensation Board reversed, noting that claimant's attorney had made arguments relying on Lesniewski's testimony, but stating that "the record does not contain testimony of the claimant's doctor." Upon claimant's appeal, we now reverse.

If the Board's factual determination that claimant's retirement was voluntary—i.e, that claimant's work-related injury did not cause or contribute to his decision to retire—is supported by substantial evidence, it will be upheld (*see Matter of Connell v Consolidated Edison Co. of N.Y., Inc.*, 49 AD3d 1055, 1056 [2008]; *Matter of West v Niagara Mohawk Power Corp.*, 29 AD3d 1251, 1252 [2006]; *Matter of Price v Hudson Correctional Facility*, 24 AD3d 820, 821-822 [2005]; *Matter of Stagnitta v Consolidated Edison Co. of N.Y.*, 24 AD3d 1099, 1100 [2005]). The Board's decision "cannot be sustained, however, 'when it is clearly based on incorrect facts or an inaccurate reading of the record' " (*Matter of Lopez v Superflex, Ltd.*, 31 AD3d 914, 914 [2006], quoting *Matter of Evans v Jewish Home & Hosp.*, 1 AD3d 736, 738 [2003], *lv dismissed* 2 NY3d 823 [2004]).

Here, the Board erred in failing to review the testimony of claimant's doctor, Lesniewski. The parties agree that the record did contain Lesniewski's testimony, and we note that the testimony is part of the record on appeal and was considered by the WCLJ. Although that testimony was given to support claimant's need for surgery, claimant also expressly relied upon

---

* Liability pursuant to the reopened 1991 claim ultimately was transferred to the Special Fund for Reopened Cases (*see* Workers' Compensation Law § 25-a).

it at the subsequent hearing to determine whether his withdrawal from the workforce was voluntary. Contrary to the employer's arguments, we cannot find this error harmless because Lesniewski's testimony is relevant. Even though he did not advise claimant to retire or directly address claimant's decision to retire, Lesniewski offered opinions regarding claimant's condition immediately prior to retirement and his ability to perform his job. Inasmuch as this Court is not empowered to weigh the evidence in workers' compensation cases, we are not able to surmise what decision the Board would have reached had it not overlooked Lesniewski's testimony (*see Matter of LaFlamme v S.S. Elec. Repair Shop, Inc.*, 12 AD3d 732, 733 [2004]; *see also Matter of Coscia v Association for the Advancement of Blind & Retarded*, 273 AD2d 719 [2000]).

We are unpersuaded, however, by claimant's assertion that the Board's failure to consider Lesniewski's testimony should result in reversal and reinstatement of the WCLJ's determination because the testimony was previously credited when claimant's surgery was authorized. Here, the issue to be determined—whether claimant's medical condition impacted his decision to retire—is distinct from the Board's previous decision that claimant required surgery. Accordingly, we must remit and permit the Board to reconsider the voluntariness of claimant's retirement in light of Lesniewski's testimony (*see Matter of Lopez v Superflex, Ltd.*, 31 AD3d at 915-916; *Matter of Mangum v National Union Fire Ins. Co.*, 14 AD3d 968, 970-971 [2005]).

Lahtinen, Malone Jr. and Kavanagh, JJ., concur. Ordered that the decision is reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.