█ In the Matter of the Claim of THOMAS SAJESKI, Appellant, v WALDBAUM'S et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [887 NYS2d 348]—

Cardona, P.J. Appeal from a decision of the Workers' Compensation Board, filed April 8, 2008, which, among other things, ruled that claimant sustained a compensable injury and awarded workers' compensation benefits.

Claimant, a maintenance worker in a grocery store, began working for the self-insured employer in 2001. At that time, he was receiving chiropractic treatment for a 1999 neck injury he sustained at a previous place of employment. On September 6, 2006, claimant allegedly reinjured his neck while lifting buckets

---

filled with recyclable materials. Five days later, he submitted an application for workers' compensation benefits. The employer challenged the claim, asserting, among other things, that claimant's injury did not arise out of his employment. Claimant's immediate supervisor, Donald Allen, testified at an ensuing hearing and recalled giving claimant Advil around the time of the alleged incident, but denied being informed that claimant needed the medication because of an injury at work.

A Workers' Compensation Law Judge (hereinafter WCLJ) subsequently ruled that claimant suffered a work-related injury and awarded him workers' compensation benefits. Notably, in articulating the basis for that decision, the WCLJ made reference to Allen's testimony to the effect that he gave Advil to claimant at approximately the same time claimant alleged he was injured at work. In light of an opinion from an independent medical examiner that claimant's condition was 15% attributable to the 1999 incident, the WCLJ so apportioned his award. Upon review, the Workers' Compensation Board determined that apportionment was inapplicable, but otherwise affirmed the decision of the WCLJ. In doing so, however, the Board observed that claimant's immediate supervisor "was not produced for testimony." This appeal by the employer and its third-party administrator ensued.

We reverse. While it is true that the Board's factual determination that a claimant suffered a work-related injury will generally be upheld if supported by substantial evidence (see Matter of Kestler v Old Castle Callanan Indus., Inc., 46 AD3d 957, 958 [2007]), when it appears that the Board's decision may have been based on an inaccurate reading of the record or incomplete facts, it cannot be sustained (see Matter of Hayes v Nassau County Police Dept., 59 AD3d 831, 832 [2009]).

Here, it appears from the language in the Board's decision that Allen's testimony was not reviewed. Furthermore, we cannot find this error harmless inasmuch as the supervisor's testimony is arguably relevant on the issues of accident, notice and apportionment. Since this Court is "not empowered to weigh the evidence in workers' compensation cases" (id. at 833), nor can we "substitute our judgment for the inferences drawn by the Board" (Matter of Coscia v Association for the Advancement of Blind & Retarded, 273 AD2d 719, 721 [2000]), the matter must be remitted to the Board for further proceedings (see Matter of LaFlamme v S.S. Elec. Repair Shop, Inc., 12 AD3d 732, 733 [2004]).

In light of the foregoing, an analysis of the Board's apportionment ruling at this juncture would be premature.

Mercure, Spain, Kavanagh and Garry, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.