■ In the Matter of JOSEPH CARLUCCI, Appellant, v OMNIBUS PRINTING COMPANY, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [891 NYS2d 187]—

McCarthy, J.

Claimant sustained various respiratory, pulmonary and cardiac disorders in the course of his employment as a pressman. A Workers' Compensation Law Judge found that, when considering all of those ailments together, claimant had sustained a permanent partial disability. Upon review, the Workers' Compensation Board determined that claimant suffered from a permanent moderate partial disability and reduced his compensation award. Claimant now appeals.

We reverse. While the Board's resolution of conflicting medical evidence in the record will be upheld if supported by substantial evidence, such a determination cannot be sustained if it relies upon an inaccurate legal standard or is based on incorrect factual assertions or a misreading of the record (*see Matter of Hayes v Nassau County Police Dept.*, 59 AD3d 831, 832 [2009]; *Matter of Lopez v Superflex, Ltd.*, 31 AD3d 914, 914 [2006]; *Matter of Altes v Petrocelli Elec. Co.*, 270 AD2d 767, 768 [2000]). In its decision, the Board quoted specific guidelines used to determine whether an individual has sustained a total disability of the low back (*see* State of New York Workers' Compensation Board Medical Guidelines, at 27 [June 1996]). The Board then stated that it could "not rely upon the opinion of the claimant's physician or the opinion of the impartial specialist [on the degree of claimant's disability] . . . as there is no evidence in the record that these opinions conform to the Board's medical guidelines on this issue." Claimant's disability, however, does not involve his back and the quoted guidelines are accordingly irrelevant. The employer and its workers'

compensation carrier are correct in pointing out that, while the guidelines present useful criteria, the ultimate determination as to the degree of disability rests with the Board (*see Matter of VanDermark v Frontier Ins. Co.*, 60 AD3d 1171, 1172 [2009]). That being said, the Board did not disregard the guidelines, but instead incorrectly relied upon inapplicable ones in reviewing the medical evidence. Under these circumstances, the matter must be remitted to the Board so that a proper assessment of the evidence may occur.

Cardona, P.J., Spain, Lahtinen and Stein, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.