■ In the Matter of the Claim of DAVID P. FISCHER, Appellant, v UNITED PARCEL SERVICE et al., Respondents, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [923 NYS2d 775]—

McCarthy, J. Appeal from a decision of the Workers' Compen-

sation Board, filed January 12, 2010, which ruled, among other things, that claimant voluntarily removed himself from the labor market and denied his claim for workers' compensation benefits.

Claimant retired from his position as a delivery driver for United Parcel Service in April 2006. Prior to retiring, claimant was found to have established two work-related injuries to his back, one in 1998 and the other in 2001, neither of which caused claimant to lose time from work or resulted in the payment of benefits. In January 2008, claimant sought to reopen his 2001 claim and, in response, the employer's workers' compensation carrier sought to transfer liability to the Special Fund for Reopened Cases. In August 2008, following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) found claimant to be permanently partially disabled with a 50% earning capacity as the result of his work-related injuries, and found further that liability for the claim was transferred to the Special Fund pursuant to Workers' Compensation Law § 25-a. Subsequently, claimant requested further action and, following hearings and deposition testimony of claimant's treating physician, a WCLJ found that claimant's withdrawal from the labor market was involuntary due to his causally-related disability and made awards retroactive to claimant's retirement date. In addition, the WCLJ rescinded the finding that Workers' Compensation Law § 25-a applied and transferred liability back to the carrier. However, the Workers' Compensation Board reversed, finding, among other things, that claimant's retirement was a voluntary withdrawal from the labor market and that Workers' Compensation Law § 25-a applied. Claimant now appeals.

We reverse. Ordinarily, a determination by the Board that a claimant voluntarily withdrew from the labor market will be upheld if supported by substantial evidence, but such finding cannot be based on incomplete facts or a misreading of the record (see Matter of Carlucci v Omnibus Print. Co., Inc., 68 AD3d 1259, 1259 [2009]; Matter of Sajeski v Waldbaum's, 66 AD3d 1183, 1184 [2009]; Matter of Hayes v Nassau County Police Dept., 59 AD3d 831, 832-833 [2009]). Here, the Board based its decision about voluntary withdrawal, at least in part, on the erroneous finding that "[t]here is no medical evidence of treatment for the period between February 15, 2001 and May 16, 2006." To the contrary, claimant treated with his physician regularly during that period, the reports of which were contained in the record before the Board. As such, and because this Court has no authority to weigh the evidence in workers' compensation cases, we must remit to the Board for further proceedings (see Matter of Sajeski v Waldbaum's, 66 AD3d at 1184; Matter of Hayes v

*Nassau County Police Dept.*, 59 AD3d at 833). Our finding in this regard has rendered the parties' remaining contentions academic.

Mercure, J.P., Rose, Lahtinen and Kavanagh, JJ., concur. Ordered that the decision is reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.