[991 NYS2d 747]

ADOLFO ESQUILIN, Petitioner, v NEW YORK STATE DIVISION OF PAROLE, Respondent.

Supreme Court, Orange County, July 30, 2014

## APPEARANCES OF COUNSEL

*Randolph Z. Volkell*, Merrick, for petitioner.

*Eric T. Schneiderman, Attorney General*, Poughkeepsie (*Jeane L. Strickland Smith* of counsel), for respondent.

## OPINION OF THE COURT

ELAINE SLOBOD, J.

It is ordered and adjudged that the petition is granted and the determination is annulled, and the matter is remitted to respondent for a new determination, without costs or disbursements.

It appears in this case that respondent used the Correctional Offender Management Profiling for Alternative Sanction (COMPAS) assessment tool adopted pursuant to the 2011 amendment to Executive Law § 259-c (4) (L 2011, ch 62, part C, subpart A, § 38-b) in making its determination since reference was made to it during the parole hearing. Since, however, findings in that assessment are devoid of support in the record, the court vacates the determination as not supported by substantial evidence and remands this matter for a new determination.

Petitioner committed the crime for which he is incarcerated while under the influence of cocaine in 1986. He has been incarcerated since 1987. The "screener" who prepared the COMPAS assessment found that it would be "highly probable" that petitioner would reenter a lifestyle of substance abuse. The section of the COMPAS concerned with this topic states that she was "unsure" whether petitioner had prior treatments for drug/alcohol abuse and that she was "unsure" whether petitioner had any history of failed drug/urinalysis tests. The response to the question on the COMPAS assessment as to "[i]s this person at risk for substance abuse problems?" appears to be redacted for some unintelligible reason; the possible answers of "no," "yes" and "unsure" are all apparently obliterated by marker pen.

Petitioner completed an alcohol and substance abuse treatment program in 2010. He has had no tier III disciplinary violations for drug abuse during his entire incarceration. Petitioner's unchallenged assertion at his hearing was that he had not used drugs for some 27 years. It is therefore unclear why a COMPAS screener, with presumed access to the institutional record, would

be "unsure" whether petitioner had any failed drug tests or why her ultimate findings on this issue would be redacted. Since the Board relied upon this COMPAS assessment which contains a misreading of the record, the court vacates the determination and remands the matter for a new hearing (*see Matter of Fischer v United Parcel Serv.*, 84 AD3d 1612 [3d Dept 2011]; *Matter of Iannaci v Independent Cement Corp.*, 66 AD3d 1194 [3d Dept 2009]).

The court notes that affirmations by counsel are less than persuasive when they appear to be boilerplate containing references to other cases for which they appear to be originally prepared.

Finally, were the court not vacating the determination on the grounds above stated, it would vacate the determination nonetheless. It is clear that respondent based its determination solely upon the seriousness of the offense. Respondent's explanation for doing so was set forth in conclusory terms which is contrary to law (*see Matter of Ramirez v Evans*, 118 AD3d 707 [2d Dept 2014]).

Accordingly, the determination is annulled and the matter is remitted for a new determination.