*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  February 18, 2016                    521291
_____

In the Matter of the Claim of
    MICHAEL SIMPSON,
                    Appellant,

        v

NEW YORK CITY TRANSIT                    MEMORANDUM AND ORDER
    AUTHORITY,
                    Respondent.

WORKERS' COMPENSATION BOARD,
                    Respondent.
_____


Calendar Date:  January 14, 2016

Before:  McCarthy, J.P., Garry, Lynch, Devine and Clark, JJ.

                    _____


        Geoffrey Schotter, New York City, for appellant.

        Foley, Smit, O'Boyle & Weisman, New York City (Benjamin D. Hecht of counsel), for New York City Transit Authority, respondent.

                    _____


Devine, J.

        Appeal from a decision of the Workers' Compensation Board, filed August 26, 2014, which ruled that claimant did not sustain a causally related disability to his knees.

        Claimant worked as a bus driver for 25 years, retiring in June 2011.  He applied for workers' compensation benefits, alleging an occupational disease stemming from repetitive stress injuries to his knees.  A Workers' Compensation Law Judge (hereinafter WCLJ) disallowed the claim in 2012.  In so doing,

the WCLJ credited the opinion of Pierce Ferriter, an orthopedic surgeon who conducted an independent medical examination of claimant and diagnosed him with degenerative changes in the knees that were unrelated to his work.

Claimant thereafter sought to reopen the record, arguing that recent MRI exams of his knees conflicted with the opinion of Ferriter and purportedly confirmed the opinion of his own physician that his condition was causally linked to his work. The Workers' Compensation Board granted the request and returned the matter to the WCLJ for further development of the record, development that included an independent medical examination and review of medical records conducted by Carl Wilson, another orthopedic surgeon. The WCLJ credited the opinion of Wilson, who found no causal link between claimant's knee problems and his employment, and disallowed the claim. The Board affirmed, prompting this appeal by claimant.

We reverse. While the factual determination of the Board regarding the causality of a disabling condition "will generally be upheld if supported by substantial evidence, when it appears that the Board's decision may have been based on an inaccurate reading of the record or incomplete facts, it cannot be sustained" (Matter of Sajeski v Waldbaum's, 66 AD3d 1183, 1184 [2009] [internal citation omitted]; see Matter of LaFlamme v S.S. Elec. Repair Shop, Inc., 12 AD3d 732, 733 [2004]). The Board here reasoned that claimant used his right knee more than his left knee at work and that, as a result, MRI tests "reveal[ing] findings which were essentially similar bilaterally" supported the opinion of Wilson that the knee problems were not work-related. The actual MRI test results, however, show that claimant sustained more extensive injuries to his right knee than to his left knee. The results also contradict the other basis relied upon by the Board for crediting Wilson's opinion, namely, the opinion of Ferriter that claimant suffered from an age-related arthritic condition in both knees. Thus, inasmuch as we are unable to "discern what role, if any, [the Board's] inaccurate reading of the record played in" its decision to credit the opinion of Wilson and make a finding of no causation, reversal is required (Matter of LaFlamme v S.S. Elec. Repair Shop, Inc., 12 AD3d at 733).

McCarthy, J.P., Garry, Lynch and Clark, JJ., concur.


        ORDERED that the decision is reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.


                        ENTER:

                        Robert D. Mayberger
                        Clerk of the Court