Matter of Gullo v Wireless Northeast (2018 NY Slip Op 02388)





Matter of Gullo v Wireless Northeast


2018 NY Slip Op 02388


Decided on April 5, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 5, 2018

525453

[*1]In the Matter of the Claim of VANESSA L. GULLO, Appellant,
v
WIRELESS NORTHEAST et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: February 21, 2018

Before: McCarthy, J.P., Lynch, Devine, Clark and Pritzker, JJ.


Zea Proukou PLLC, Rochester (Randi Nicole Proukou of counsel), for appellant.
Goldberg Segalla, LLP, Rochester (Matthew T. Austin of counsel), for Wireless Northeast and another, respondents.


Devine, J.

MEMORANDUM AND ORDER
Appeal from a decision of the Workers' Compensation Board, filed November 4, 2016, which ruled that claimant did not sustain a causally-related occupational disease and denied her claim for workers' compensation benefits.
Claimant is employed as a quality assurance supervisor and spends the majority of her workday using a computer. She sought treatment for right wrist pain in 2015, which led to an eventual diagnosis of bilateral carpal tunnel syndrome and a claim for workers' compensation benefits. A Workers' Compensation Law
Judge found that claimant suffered from an occupational disease involving left carpal tunnel syndrome and an aggravation of right carpal tunnel syndrome. The Workers' Compensation Board reversed, finding that claimant had not demonstrated that her condition was related to her employment. Claimant now appeals.
"While the factual determination of the Board regarding the causality of a disabling condition will generally be upheld if supported by substantial evidence, when it appears that the Board's decision may have been based on an inaccurate reading of the record or incomplete facts, it cannot be sustained" (Matter of Simpson v New York City Tr. Auth., 136 AD3d 1192, 1193 [2016] [internal quotation marks and citations omitted]; see Matter of LaFlamme v S.S. Elec. [*2]Repair Shop, Inc., 12 AD3d 732, 733 [2004]). Claimant's treating hand surgeon, Jeffrey Fink, testified that her bilateral carpal tunnel syndrome had either been exacerbated or caused by her work duties and that, while the condition was not disabling, carpal tunnel release surgery was the recommended treatment. Fink acknowledged that his knowledge of claimant's work duties was limited, explaining that he did not extensively review those duties because he assumed the referring occupational health provider reflected a causal link between her duties and her condition. Upon being advised of claimant's testimony regarding her specific work duties, however, Fink confirmed that those duties were consistent with his opinion as to causality.
The Board was free to reject Fink's opinion and credit one rendered by an independent medical examiner that, contrary to claimant's suggestion, was properly considered (see Workers' Compensation Law § 118; Matter of Manka v Goodyear Tire & Rubber Co., 123 AD3d 1172, 1173 [2014], lv denied 25 NY3d 909 [2015])[FN1]. It was not free, however, to misread the record in doing so. In that regard, the Board held that Fink could not offer an opinion on causation because he was not "familiar with" claimant's work duties, overlooking that Fink maintained his opinion of causation after being advised of specific work duties described by claimant in her testimony. The Board further ignored, in concluding that Fink could not opine on the cause of claimant's left carpal tunnel syndrome due to the absence of a personal examination, a November 2015 progress note in which Fink relates his review of a nerve conduction study establishing left carpal tunnel syndrome and his "[e]xamination of [claimant's] hands" during her second office visit. We lack the authority to independently weigh the conflicting proof in this case and, unable as we are to "discern what role, if any, this inaccurate reading of the record played in the Board's decision," we reverse (Matter of LaFlamme v S.S. Elec. Repair Shop, Inc., 12 AD3d at 733; accord Matter of Simpson v New York City Tr. Auth., 136 AD3d at 1193).
McCarthy, J.P., Lynch, Clark and Pritzker, JJ., concur.
ORDERED that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: We cannot assess the accuracy of the Board's characterization of a June 2, 2015 report by physician Timothy Hagy, as that report does not appear to be included in the record.