Matter of Dibenedetto v Rochester City Sch. Dist. (2020 NY Slip Op 00657)





Matter of Dibenedetto v Rochester City Sch. Dist.


2020 NY Slip Op 00657


Decided on January 30, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 30, 2020

529001

[*1]In the Matter of the Claim of Claire Dibenedetto, Appellant,
v
Rochester City School District et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: January 10, 2020

Before: Garry, P.J., Mulvey, Devine, Pritzker and Colangelo, JJ.


Claire DiBenedetto, Rochester, appellant pro se.
Hamberger and Weiss, LLP, Rochester, for Rochester City School District and another, respondents.



Colangelo, J.
Appeals (1) from a decision of the Workers' Compensation Board, filed August 13, 2018, which, among other things, disallowed claimant's request to amend her workers' compensation claim to include a consequential injury, and (2) from a decision of said Board, filed October 15, 2018, which denied claimant's request for reconsideration and/or full Board review.
Claimant suffered a work-related injury to her left shoulder in 2012 and her claim for workers' compensation benefits was established. In January 2013, claimant's treating pain specialist, Hossein Hadian, diagnosed her with sympathetically maintained pain of the left shoulder and administered a series of stellate ganglion block injections from 2013 to 2017. Hadian also implanted a spinal cord stimulator in April 2014. At that time, Hadian began referencing a diagnosis of complex regional pain syndrome (hereinafter CRPS) of the left upper extremity in certain of his medical reports, and claimant sought to amend her claim to include this condition. In March 2017, Yaqi Hu, a physician with the Cleveland Clinic's Pain Management Center, examined claimant and diagnosed her with both left and right upper extremity CRPS. Thereafter, Hadian requested authorization for administering stellate ganglion block injections to claimant's right shoulder area, and claimant sought to amend her claim to also include CRPS of the right upper extremity. The employer and its workers' compensation administrator (hereinafter collectively referred to as the employer) opposed amending the claim to include CRPS to either the left or right upper extremities and objected to the request for further stellate ganglion block injections. The employer also objected to being required to pay for X rays of the cervical and lumbar spine and other services rendered to claimant at the Cleveland Clinic and for right upper extremity stellate ganglion block injections administered to claimant by Hadian in September and October 2017.
In three separate decisions, a Workers' Compensation Law Judge (hereinafter WCLJ), among other things, amended the claim to include consequential CRPS of the left and right upper extremities, approved the requested right stellate ganglion block injections and resolved the disputed medical bills in favor of claimant's heath care providers. The WCLJ also found that benefits awarded subsequent to February 10, 2017 be rendered at a total temporary disability rate. Upon review, the Workers' Compensation Board modified the decisions, finding, among other things, that claimant had not established CRPS of the left or right upper extremities. The Board further found claimant's degree of disability to be at a marked temporary partial disability rate, resolved the disputed medical bills in favor of the employer and denied the requested right stellate ganglion block injections, but otherwise affirmed the WCLJ's decisions. Claimant sought reconsideration and/or full Board review, and the Board denied the application. Claimant appeals from both decisions.
Initially, regarding the Board's finding as to the degree of claimant's disability, Christopher Ellingson, an orthopedic surgeon who conducted an independent medical examination of claimant on behalf of the employer in November 2016, opined that claimant "exhibits a partial temporary marked disability related to her ongoing symptoms and use of pain medications." Although Hadian opined that claimant suffers from a temporary total disability, the resolution of credibility issues is the exclusive province of the Board, and its finding of a marked temporary partial disability is supported by substantial evidence and will not be disturbed (see Matter of Campbell v Interstate Materials Corp., 135 AD3d 1276, 1278 [2016]; Matter of Harrington v L.C Whitford, Co., Inc., 302 AD2d 645, 647-648 [2003]).
As to claimant's request to amend her claim, although the Board's factual determination as to whether a claimant suffers from a disability that is consequentially related to a previously established injury will generally be upheld if supported by substantial evidence (see Matter of Campito v New York State Dept. of Taxation and Fin., 153 AD3d 1063, 1064 [2017]), "when it appears that the Board's decision may have been based on an inaccurate reading of the record or incomplete facts, it cannot be sustained" (Matter of Sajeski v Waldbaum's, 66 AD3d 1183, 1184 [2009]). Here, the Board found the opinion of Raymond Fiorini, a pain management physician who conducted an independent medical examination of claimant in 2013 on behalf of the employer and found no objective signs of CRPS, more credible than Hadian's opinion. It appears from the language of the Board's decision, however, that Hu's report was not reviewed.[FN1] "Since this Court has limited power to review the sufficiency of evidence and lacks the ability to weigh conflicting proof" (Matter of LaFlamme v S. S. Elec. Repair Shop, Inc., 12 AD3d 732, 733 [2004] [internal quotation marks and citation omitted]), we cannot ascertain what decision the Board would have reached had it reviewed Hu's report, and, therefore, the matter must be remitted for further proceedings (see Matter of Sajeski v Waldbaum's, 66 AD3d at 1184; Matter of Hayes v Nassau County Police Dept., 59 AD3d 831, 833 [2009]). In light of our holding, claimant's remaining arguments are academic.
Garry, P.J., Mulvey, Devine and Pritzker, JJ., concur.
ORDERED that the decisions are reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: The only reference to the Cleveland Clinic in the Board's decision is that the employer objected to having to pay the clinic's bill that the Board characterized as one "for emergency room care, including [X]-rays." It appears from the record, however, that claimant went to the clinic for a consultation regarding CRPS.