Matter of Ayars v Navillus Tile Co. (2023 NY Slip Op 04691)

Matter of Ayars v Navillus Tile Co.

2023 NY Slip Op 04691

Decided on September 21, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 21, 2023

534802
[*1]In the Matter of the Claim of Mario Ayars, Appellant,
v
Navillus Tile Company et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:September 7, 2023

Before:Garry, P.J., Lynch, Pritzker, Reynolds Fitzgerald and Powers, JJ.

The Perecman Firm, PLLC, New York City (Edward Guldi of counsel), for appellant.
Vecchione, Vecchione, Connors & Cano, LLP, Garden City Park (Michael F. Vecchione of counsel), for Navillus Tile Company and another, respondents.

Pritzker, J.
Appeal from a decision of the Workers' Compensation Board, filed January 12, 2022, which ruled, among other things, that claimant was entitled to a 20% schedule loss of use of his right leg.
In January 2017, claimant, a cement and concrete laborer, lost his balance while cleaning out a hole and fell, resulting in an injury to his right knee. Claimant's ensuing claim for workers' compensation benefits was established for a work-related injury to his right knee,[FN1] his average weekly wage was set, and indemnity awards for lost time at various rates were made. The parties were subsequently directed to evaluate claimant for, and to produce reports on, permanency and any finding of a schedule loss of use (hereinafter SLU). Following a hearing and the submission of medical reports — including an independent medical examination (hereinafter IME) — and deposition testimony from the authors of those reports, a Workers' Compensation Law Judge found, among other things, that claimant had sustained a 66.67% SLU of his right leg entitling him to benefits. Upon administrative review, the Workers' Compensation Board held that claimant's injury was not amenable to classification but, rather, an SLU. The Board further determined that the SLU opinions of the two physicians who submitted permanency reports were inconsistent with the impairment guidelines in that they were based upon inapplicable special considerations, that there was no persuasive evidence of chondromalacia patella or a patella fracture and that claimant has a 20% SLU of his right leg. Claimant appeals.
"Whether a claimant is entitled to [nonschedule permanent partial disability classification or] an SLU award and, if so, the resulting percentage are factual questions for the Board to resolve and, thus, the Board's determination will be upheld provided that it is supported by substantial evidence" (Matter of Semrau v Coca-Cola Refreshments USA Inc., 189 AD3d 1873, 1874 [3d Dept 2020] [internal quotation marks and citations omitted]; see Matter of Ward v NYC Tr. Auth., 214 AD3d 1277, 1279 [3d Dept 2023]; Matter of Lyman v New York State Canal Corp., 208 AD3d 1571, 1572 [3d Dept 2022]). "The Board is vested with the discretion to resolve conflicting medical opinions" (Matter of Garland v New York City Dept. of Corr., 204 AD3d 1198, 1199 [3d Dept 2022] [internal quotation marks, brackets and citations omitted]), and "the Board is free to accept or reject all or part of medical evidence that is offered" as well as determine the weight to be given thereto (Matter of Lyman v New York State Canal Corp., 208 AD3d at 1572 [internal quotation marks, brackets and citation omitted]; see Matter of Harmon v Office of Children & Family Servs.,206 AD3d 1214, 1215 [3d Dept 2022]; Matter of Nappi v Bell Atl. Corp./NYNEX, 284 AD2d 877, 879 [3d Dept 2001]). "Notably, although the Workers' Compensation Guidelines for Determining Impairment 'provide useful criteria to be used in assessing a claimant's degree of disability[*2], the ultimate determination rests with the Board' " (Matter of Ward v NYC Tr. Auth., 214 AD3d at 1279, quoting Matter of Soluri v Superformula Prods., Inc., 96 AD3d 1292, 1292 [3d Dept 2012]; see Matter of VanDermark v Frontier Ins. Co., 60 AD3d 1171, 1172 [3d Dept 2009]).
In arriving at its conclusion relative to claimant's SLU of his right leg, the Board found that "both doctors found 110 degrees of flexion in their permanency reports" and that "both doctors are not consistent with the Guidelines as both doctors add inapplicable special considerations." The record, however, does not support the Board's assessment of the medical evidence. Thomas DiBenedetto, who conducted an IME of claimant in August 2020 and submitted an IME report, reported that claimant had a 66.67% SLU of his right leg. Although DiBenedetto could not perform a full motion test of the right knee due to pain, he found in his report that claimant had reached maximum medical improvement and that, while sitting and testing for flexion, claimant "could flex his knee to 90 degrees" (i.e., flexion).[FN2] In concluding that claimant had sustained a marked partial disability and a 66.67% SLU of his right leg, DiBenedetto did not find in his report that any special considerations applied and additionally stated as such in his deposition testimony (see New York Workers' Compensation Guidelines for Determining Impairment, table 7.5 at 44 [2018]).
Thus, contrary to the Board's assessment of the medical evidence before it, DiBenedetto neither found 110 degrees of flexion in his permanency report nor added any inapplicable special considerations in calculating claimant's SLU of his right leg (see New York Workers' Compensation Guidelines for Determining Impairment, table 7.5 at 44 [2018]).[FN3] Inasmuch as "it appears that the Board's decision may have been based on an inaccurate reading of the record or incomplete facts, it cannot be sustained" (Matter of DiBenedetto v Rochester City Sch. Dist., 179 AD3d 1419, 1421 [3d Dept 2020] [internal quotation marks and citation omitted). " 'Since this Court has limited power to review the sufficiency of evidence and lacks the ability to weigh conflicting proof' " (id., quoting Matter of LaFlamme v S.S. Elec. Repair Shop, Inc., 12 AD3d 732, 733 [3d Dept 2004]), we cannot ascertain what decision the Board would have reached had it accurately reviewed the reports and testimony that were before it, and, therefore, the matter must be remitted to the Board for further proceedings so that a proper assessment of the evidence can occur (see Matter of Blue v New York State Off. of Children & Family Servs., 206 AD3d 1126, 1131-1132 [3d Dept 2022]; Matter of Sajeski v Waldbaum's, 66 AD3d 1183, 1184 [3d Dept 2009]; Matter of Hayes v Nassau County Police Dept., 59 AD3d 831, 833 [2009]; cf. Matter of Carlucci v Omnibus Print. Co., Inc., 68 AD3d 1259, 1260 [3d Dept 2009]). Because the Board relied upon and credited the report of DiBenedetto in finding that claimant's injury [*3]was amenable to a schedule award and not classification, the Board, upon remittal, should also, after accurately reviewing the medical evidence before it, determine anew whether the claim is amenable to classification or an SLU award, and then, if the latter, the resulting percentage and degree of disability. The Board may also permit the parties to submit additional evidence on the issues presented herein (see Workers' Compensation Law § 123). In light of our holding, claimant's remaining arguments are academic.
Garry, P.J., Lynch, Reynolds Fitzgerald and Powers, JJ., concur.
ORDERED that the decision is reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.

Footnotes

Footnote 1: In 2018, claimant underwent right knee revision surgery with diagnostic arthroscopy, anterior cruciate ligament reconstruction, partial lateral meniscectomy, abrasion arthroplasty of the patella, arthroscopic decompression and debridement of lateral parameniscal cyst.

Footnote 2: With respect to extension of the right knee, DiBenedetto also found that claimant, while in a supine position, could only go from a "30 degree arc to 60 degree[ ] [arc] before [claimant] stopped because of pain."
Footnote 3: With regard to the applicability of any special considerations under the guidelines (see New York Workers' Compensation Guidelines for Determining Impairment, table 7.5 at 43 [2018]), the permanency report of Steven Touliopoulos, an orthopedic surgeon who treated claimant from 2017 until February 2021 and examined claimant for permanency, reflects that Touliopoulos did not find that any special considerations applied in arriving at his conclusion that claimant had sustained a 35% SLU of his right leg. In his testimony, however, Touliopoulos indicated that he "did assess additional [special considerations] for chondromalacia patella [and] atrophy," but he could not provide specific figures for these additional assessments. However, in a February 2021 addendum report, Touliopoulos opined a different view, finding that claimant's injury was more amenable to classification than a SLU due to claimant's "ongoing symptomology and the progressive nature of his posttraumatic degenerative joint disease."