Matter of Seide v Brooklyn Hosp. Ctr. (2024 NY Slip Op 01962)

Matter of Seide v Brooklyn Hosp. Ctr.

2024 NY Slip Op 01962

Decided on April 11, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 11, 2024

CV-22-2147
[*1]In the Matter of the Claim of Marie Seide, Appellant,
v
Brooklyn Hospital Center et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:February 23, 2024

Before:Garry, P.J., Aarons, Lynch, Fisher and Mackey, JJ.

Schotter Millican, LLP, Brooklyn (Geoffrey Schotter of counsel), for appellant.
Goldberg Segalla, Rochester (Bradford J. Reid of counsel), for Brooklyn Hospital Center and others, respondents.

Lynch, J.
Appeal from a decision of the Workers' Compensation Board, filed October 24, 2022, which ruled, among other things, that claimant sustained a continuing causally-related temporary partial disability.
Claimant, a nurse technician, sustained injuries in 2016 during an accident at work. Her claim for workers' compensation benefits was established for work-related physical injuries to her back, left knee and right shoulder, as well as psychological injuries consisting of depressive disorder and postconcussion syndrome. During the course of the proceedings, a Workers' Compensation Law Judge (hereinafter WCLJ) directed the depositions of several medical practitioners to provide testimony as to maximum medical improvement and permanency. After consideration of these depositions, and following a hearing, the WCLJ issued a decision finding, among other things, that claimant had sustained an ongoing temporary partial disability, with a degree of impairment of 62.5%. The Workers' Compensation Board affirmed the WCLJ's decision upon administrative review, prompting claimant's appeal.
Claimant challenges the Board's finding as to her degree of disablement. After reviewing the record, we discern no basis to disturb the Board's finding that claimant has an ongoing temporary partial disability, rather than a total disability. Initially, the Board did not — as claimant asserts — "simply ignore[ ]" the opinion of her treating neurologist, Aric Hausknecht, that she is 100% disabled from employment. In its decision, the Board made clear that it considered the entirety of the record, explicitly referencing Hausknecht's medical reports and deposition testimony, but ultimately crediting the opinions of other medical professionals instead. It is the Board's province to resolve " 'issues concerning conflicting medical evidence and witness credibility' " and there is no basis to disturb the Board's decision to credit the opinions of other medical professionals over Hausknecht (Matter of Malerba v Ameron Global, Inc., 117 AD3d 1302, 1302-1303 [3d Dept 2014], quoting Matter of Williams v Colgate Univ., 54 AD3d 1121, 1123 [3d Dept 2008]). Contrary to claimant's contention that the Board failed to set forth its reasoning and provided only a conclusory, nonspecific rationale in support of its findings, the Board's decision reflects a comprehensive review of the medical evidence and a detailed explanation in support of its determination.
Turning to the substantive analysis, if the Board's finding as to the degree of disablement is supported by substantial evidence, it will not be disturbed by this Court (see Matter of Bond v New York City Health & Hosp. Corp., 213 AD3d 1090, 1093 [3d Dept 2023]; Matter of DiBenedetto v Rochester City Sch. Dist., 179 AD3d 1419, 1420 [3d Dept 2020]), even if a contrary result would have been reasonable (see Matter of Marable-Greene v All Tr., 190 AD3d 1078, 1078 [3d Dept 2021]; Matter of Hare v Champion Intl., 50 AD3d 1254, 1255 [3d Dept 2008], [*2]lv dismissed 11 NY3d 863 [2008]). In rendering its determination that claimant has an ongoing temporary partial disability, with a degree of impairment of 62.5%, the Board credited the medical opinions of Alain De La Chapelle, a psychiatric consultant hired by the carrier; Annette Gonzalez, claimant's treating psychologist; and Thomas Nipper, the carrier's orthopedic consultant. De La Chapelle and Gonzalez both independently concluded that claimant has a 50% partial work-related psychological disability, though they differed as to whether she had reached maximum medical improvement.
As for the extent of claimant's physical impairment, claimant's treating physician, Timur Hannan, consistently concluded upon his medical evaluations that she is 100% disabled. During his March 2022 deposition, Hannan, who had evaluated claimant a week prior, continued to "doubt [that] [claimant was] capable of performing any type of job," but allowed that she could "hypothetically" perform a sedentary job involving simple grasping and fine manipulation. Nipper came to a different conclusion. In his June 2020 medical report rendered after an orthopedic evaluation, Nipper opined that claimant had a "temporary . . . partial (50%) disability" and was able to return "to sedentary work . . . with restrictions" on standing and walking. Nipper's October 2020 follow-up report, rendered after claimant underwent magnetic resonance imaging to her left knee which showed preexisting osteoarthritis, contained the same opinion. During a subsequent orthopedic evaluation in March 2021, claimant presented with a "normal gait and station and was carrying a cane. She had no difficulty ascending or descending the examination table." Based upon his evaluation on that date, Nipper opined that claimant had a "temporary mild partial (25%) casually related disability" and was capable of working with "restrictions of no climbing, squatting or kneeling." In his evaluation of claimant in August 2021, Nipper opined that claimant had reached maximum medical improvement and could return to her work duties "effective immediately with lifting restrictions of 20-50 pounds." During his February 2022 deposition testimony, Nipper went through the findings of his August 2021 exam, which demonstrated a "resolved sprain of the lumbar spine, an additional resolved sprain of the right shoulder, and status post left knee arthroscopic surgery." Utilizing the 2017 Workers' Compensation Guidelines, he concluded that there was a 10% schedule loss of use of claimant's left leg and no schedule loss of use to her right arm. He assessed claimant's lumbar spine injury ranking to be 3-B — the second to least severe impairment ranking — and opined that claimant had a "medium work capacity" in terms of her functional and exertional capabilities. Although Nipper acknowledged that he had not reviewed certain diagnostic testing concerning claimant's lower extremities, the Board was aware of this limitation and still credited [*3]Nipper's opinion that claimant was not totally disabled. While Hannan and others opined otherwise, this is a classic battle of the experts scenario, the resolution of which falls under the exclusive purview of the Board. Since there is substantial evidence to support the Board's finding as to the degree of claimant's disablement (see Matter of Bond v New York City Health & Hosp. Corp., 213 AD3d at 1093; Matter of DiBenedetto v Rochester City Sch. Dist., 179 AD3d at 1420; Matter of Hare v Champion Intl., 50 AD3d at 1255), the decision should be affirmed.
Garry, P.J., Aarons, Fisher and Mackey, JJ., concur.
ORDERED that the decision is affirmed, without costs.